STATE ex rel. CHARLES T. SPLADY and Others v. DISTRICT COURT OF HENNEPIN COUNTY and Another.[1]

February 5, 1915.

Nos. 18,991—(220).

**Workmen's Compensation Act — finding — evidence.**

> A finding that plaintiffs, the parents of a deceased workman, were "wholly dependent" upon him for support, within the meaning of the Workmen's Compensation Act (G. S. 1913, § 8208, subdivisions 1, 2 and 3), *held* sustained by the evidence.

Upon the relation of Charles Splady, James Albee, Harvey B. Smith, partners doing business under the name of Splady, Albee & Smith, and the Ocean Accident & Guarantee Corporation, Ltd. of London, England, this court issued its writ of *certiorari* directed to the district court for Hennepin county and the Honorable John H. Steele, one of the judges thereof, to review the proceedings of that court in an action against relators brought under the Workmen's Compensation Act. Affirmed.

*John Junell,* for relators.

*A. R. Chesnut* and *E. T. Chesnut,* for respondents.

BUNN, J.

*Certiorari* to review the decision of the district court in an action under the Workmen's Compensation Act.

---

[1] Reported in 151 N W. 123.

Anton Berg died April 25, 1914, from injuries received shortly before while in the employ of relators Splady, Albee & Smith. He was an unmarried man and lived with his father and mother in their home in Minneapolis. At the time of his injury and for some time prior thereto he was receiving $24 per week as wages. From December 1, 1913, to April 16, 1914, the date of his injury, Anton contributed at least $50 per month to the support of his parents, the plaintiffs in this action. The trial court found as a fact that plaintiffs were on April 16, 1914, and had been for some months prior thereto, wholly dependent for support upon the deceased. Judgment was ordered in favor of plaintiffs and against the defendants (relators in this proceeding) for the sum of $8.40 per week for 300 weeks, in addition to $200 for medical, surgical and hospital care and treatment. Judgment was entered accordingly.

The contention of relators is that the finding of the trial court to the effect that plaintiffs were wholly dependent for support upon the deceased is not sustained by the evidence. If this claim is correct, if plaintiffs were only "partially dependent" upon the support of deceased, the amount of the weekly payments is clearly excessive; but if they were "wholly dependent" upon his support, the allowance was correct.

Section 8208, G. S. 1913, in subdivisions 1, 2 and 3, attempts to define those who shall be deemed "wholly dependent," "actual dependents," and "partial dependents." Subdivision 1 provides that the wife and minor children shall be presumed to be "wholly dependent." Subdivision 2 says that husband, mother, father, etc., who were "wholly supported" by the workman at the time of his death and for a reasonable period prior thereto, shall be considered his "actual dependents." Subdivision 3 provides that any dependents named in subdivision 2 who regularly derived "part of their support" from the wages of the deceased workman shall be considered his "partial dependents."

Subdivision 12 provides that if the deceased employee leave no widow, children or husband, but does leave a parent or parents either or both of whom are wholly dependent on the deceased, there shall be paid, if one parent, 25 per cent of the monthly wages

of deceased, if both parents, 35 per cent thereof. Subdivision 15 provides that "partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the wages regularly contributed by the deceased to such partial dependent at, and for a reasonable time immediately prior to the injury, bore to the total wage of the deceased, during the same time."

The facts which bear upon the question whether plaintiffs were "wholly supported" by deceased, "wholly dependent" upon him or whether they derived but "part of their support" from his wages, were "partial dependents," are undisputed, and are as follows: The father was an invalid and since December 1, 1913, had been wholly incapacitated to contribute in any measure to the support of himself or the members of his family; the mother has been a helpless invalid for more than six years; an unmarried daughter made her home with plaintiffs and paid $4 per week for her board, room, etc., which was the cost of these accommodations; a married daughter and her child lived with plaintiffs from August, 1913, to April 16, 1914; during this time she did all the household work, and cared for her invalid father and mother. Until December 1, 1913, she received $4 per week in payment of her services. Since that date she performed them gratuitously. The court found that the reasonable value of the services of this daughter was $4 per week over and above her board and that of her child.

The question is whether these gratuitous services of the daughter for a few months made the parents only "partially dependent" upon the son's support. It is clear that the only money the parents or family had for their support came from the son Anton. He was the real head of the family, the bread winner. The daughter's services had been rendered for but a short time, and may well be considered a temporary help. We should give the provisions of the act a very liberal construction. It is rather difficult to understand on what theory the legislature makes its distinction between those who are "wholly dependent" and those who are but partially so. The criterion should be, as it seems to us, the amount of wages that the workman has contributed monthly to the dependent, rather

than whether or not the latter had received some measure of support from other sources. But of course this is for the legislature to determine. It may certainly be argued with some force that one who owns his home, or for whom others perform friendly services, is not, technically speaking, "wholly dependent" upon the cash received from the wages of the worker of the family. Nor is one who receives help from a charitable organization, or from neighbors. But we cannot suppose that the legislature intended that such a person should be considered only a "partial dependent." Giving the act a reasonable and liberal construction, our conclusion is that the trial court was justified in finding that plaintiffs were wholly dependent upon the deceased for their support.

Judgment affirmed.