## STATE EX REL. MALVINA HAYDEN v. DISTRICT COURT FOR COUNTY OF ST. LOUIS AND OTHERS.[1]

### July 7, 1916.

### Nos. 19,839—(229).

**Workmen's Compensation Act — total income of partial dependent — computation.**

   Under section 17 of the Workmen's Compensation Law, as amended by Laws 1915, c. 209, the monthly contributions of a workman to his mother should be considered as a part of her "total income," in determining the amount she is entitled to recover as a partial dependent.

Upon the relation of Malvina Hayden this court granted its writ of *certiorari* to review the judgment entered pursuant to the order of Fesler, J., in the district court for St. Louis county in a proceeding instituted by relator for compensation for the death of Harry W. Hayden, employee, against the Great Northern Power Company, employer. Affirmed.

*John Jenswold* and *John D. Jenswold,* for relator.
*Washburn, Bailey & Mitchell,* for respondent.

[1]Reported in 158 N. W. 792.

---

Note.—For a full treatment of all phases of the workmen's compensation acts, see notes in L.R.A. 1916A, 33-380.

BUNN, J.

This proceeding was to recover under the Workmen's Compensation Law for the death of an employee of defendant. Plaintiff is the mother of the deceased workman, and was a "partial dependent." She had received from the deceased, during his employment by defendant, the sum of $97.50 per month out of his wages of $130 per month. She herself earned regularly $60 per month. The trial court found that the total income of plaintiff was $157.50 per month, and that she was entitled to recover compensation in the sum of $6.50 per week for a period of not exceeding 300 weeks. Judgment was entered accordingly, after a motion to amend the findings and conclusions had been denied, and the case was brought to this court by *certiorari*.

The only question is whether the monthly contributions of the son to his mother should be considered as "income" within the meaning of Laws 1915, p. 292, c. 209, § 14, subd. 15, which reads as follows:

"Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the wages regularly contributed by the deceased to such partial dependent at, and for a reasonable time immediately prior to the injury, bore to the *total income* of the dependent during the same time."

The trial court held that the contributions of deceased were a part of the total income of the partial dependent. Relator contends that these contributions were voluntary on the part of the deceased, and that they should not be considered as any part of her "total income." If this contention is sustained, the award, instead of being $6.50 per week, should have been $11 per week, the maximum amount relator would have been entitled to receive had she been an actual dependent. If these contributions are to be considered as part of plaintiff's total income, the award made by the trial court is admittedly correct.

We agree with the trial court. The argument of relator that the son's contributions were voluntary, in the nature of gifts to his mother is not entirely sound, as we should not lose sight of the probability that she had earned these contributions, and that the son was doing no more than his duty. But treating the payments as voluntary, even as gifts, the letter as well as the spirit of the compensation law compels the conclusion that the legislature intended that such contributions should be con-

sidered as forming a part of the income of the partial dependent. The cases relied on by relator are not compensation cases, and have little application. The question is not whether the presents which a man receives are a part of his "income," speaking in a general sense, but what was the legislative intent as to whether regular contributions by a workman to his mother should be considered as a part of her income in determining the amount of her compensation as a partial dependent. In subdivision 17 of section 14, the "income loss" of a partial dependent from the death, is made the amount to be received in case it is less than the minimum of $6.50 per week. Clearly here the contributions of the workman are treated as "income." If such contributions are not income, there is no income loss. Again, the law clearly shows an intent that actual dependents shall receive more compensation than partial dependents. In this case, if relator's contention is sustained, she would be entitled to greater compensation than if she were an actual dependent.

Affirmed.