# STATE EX REL. J. H. KUEHNER v. DISTRICT COURT OF SIBLEY COUNTY AND ANOTHER.[1]

June 15, 1917.

Nos. 20,314—(155).

**Workmen's Compensation Act — finding sustained.**

The court found that the parents of the deceased workman were partially dependent upon him and ordered judgment in accordance therewith. *Held*: The evidence was sufficient to justify the findings and order. [Reporter.]

Upon the relation of J. H. Kuehner the supreme court granted its writ of *certiorari* directed to the district court for Sibley county and the Honorable Cyril M. Tifft, judge thereof, to review the decision of Morrison, J., in an action brought under the Workmen's Compensation Act by Theodore and Christina Drake against relator. Affirmed.

*K. A. Campbell* and *B. Burness*, for relator.

*S. B. Wilson*, for respondent.

PER CURIAM.

Defendant is a contractor and builder, and on April 28, 1916, was engaged in the construction of a store building at Gaylord in this state. On that day Hans Drake, now deceased, was in the employ of defendant, and, while excavating for the foundation of such building, the walls of the excavation suddenly and without warning gave way and fell upon and killed the said Hans Drake. During the time of such employment, both defendant and decreased were, by agreement, subject to the provisions of part 2 of chapter 467, p. 677, Laws of 1913, known as the Workmen's Compensation Act. At the time of his death deceased was receiving wages at the rate of 60 cents per hour, or $36 per week, was 23 years of age, unmarried, and left surviving him his father and mother, being the plaintiffs herein.

The trial court found, in addition to the foregoing, that plaintiffs were each 57 years of age and were partially dependent upon their son, Hans, at

[1]Reported in 163 N. W. 1070.

the time of his death; that, for more than two and one-half years imme-
diately preceding his death, deceased had paid to plaintiffs from his wages
and for their assistance and support an average of $25 per month; that
plaintiffs were advanced in years, unable to do manual labor and were pos-
sessed of but very little property, and that they paid the expenses for the
burial of deceased to the amount of about $100. As conclusions the court
found that plaintiffs are entitled to recover from defendant $100 on ac-
count of the money paid for funeral and burial expenses, $5.77 per week
for the period of 300 weeks commencing April 28, 1916, and $10 costs, and
ordered judgment accordingly.

Defendant concedes that he and the deceased were, during the times in
question, subject to the provisions of the Workmen's Compensation Act as
contended for by the plaintiffs, and that he is liable for and has offered
to pay the funeral expenses of deceased to the amount of $100, but he de-
nies that deceased furnished any sum whatever toward the support of plain-
tiffs as alleged in the complaint, or at all, and he insists that there is not
sufficient evidence to justify the findings that plaintiffs were dependent up-
on deceased in any amount whatsoever, or that plaintiffs were entitled to
costs in the case. The sole question presented for determination is whether
the testimony supports the findings of the court.

We have examined the record and considered all of the testimony with
care, and while the evidence is not overly strong, we are of the opinion
that it is sufficient to sustain the findings and order of the trial court.

An obvious clerical error appears in the order of the trial court as to the
number of weeks for which plaintiffs were entitled to receive compensation.
This should be corrected in accordance with the foregoing.

The order of the district court is affirmed.