[S. F. No. 9608.   In Bank.—July 26, 1921.]

FEDERAL MUTUAL LIABILITY INSURANCE COM-
PANY (a Corporation), Petitioner, v. INDUSTRIAL
ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF MINOR EMPLOYEE—
PARTIALLY DEPENDENT MOTHER — DETERMINATION OF ANNUAL
AMOUNT OF CONTRIBUTION — DEDUCTION OF CONTRIBUTIONS FOR
SUPPORT OF DECEASED AND OTHERS NOT DEPENDENT.—Under sec-
tion 9, subdivision 3, paragraph c, clause 2, of the Workmen's
Compensation, Insurance and Safety Act, as revised and amended
in 1917, providing that in a case where an injury causes death to
an employee and such employee leaves one or more persons par-
tially dependent upon him for support, the dependents shall be
allowed a death benefit which shall amount to three times the
annual amount devoted by the deceased to the support of the
person or persons partially dependent, where the employee was a
minor and living with his mother, sister, and brother as members
of the same household, the amount contributed by the minor for
his own support and to others in the family who were not de-
pendent upon him is to be deducted in determining the annual
amount which was devoted to the support of the partially de-
pendent mother.

PROCEEDING in Certiorari to review an award of the
Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

Cooley & Lachmund for Petitioner.

A. E. Graupner for Respondents.

SHAW, J.—This is a proceeding to review an award in
favor of Harriet Baldwin for the sum of $3,654.90, made on
September 3, 1920, on account of the death of her son,
Charles Frederick Baldwin, which occurred on January 23,
1920, from an injury to him arising out of, and in the
course of, his employment.   The Pacific Marine & Con-
struction Company was the employer and the petitioner was

1.   Compensation recoverable generally, under Workmen's Compensa-
tion Act, notes, L. R. A. 1916A, 129; L. R. A. 1917D, 164.

the insurance carrier of the employer. It was substituted for the employer and the award is against it as such carrier.

The commission found that the decedent left surviving him his mother, Harriet Baldwin, and that she was partially dependent upon him for support; that the annual amount devoted by him to the support of his mother was $1,218.30, and that the death benefit was $3,654.90.

The award was made under the Workmen's Compensation, Insurance and Safety Act as revised and amended in 1917. It provides that in a case where an injury causes death to an employee and such employee leaves one or more persons partially dependent upon him for support, the said dependents shall be allowed one hundred dollars for funeral expenses and "in addition thereto a death benefit which shall amount to three times the annual amount devoted by the deceased to the support of the person or persons so partially dependent." (Sec. 9, subd. 3, par. [c], cl. [2], Stats. 1917, p. 840.) The findings further show that for the year preceding his death the decedent was living with his mother, his sister Virginia, and his brother Gordon, as members of the same family and household, and boarded and lodged with them; that at the time of his death he was eighteen years of age and his brother Gordon was twenty years of age; that during that year he contributed to the support of his mother the sum of $1,218.30 as aforesaid, and that this included the expenses of his own board and lodging and thirty dollars for his own clothing. It will be observed that the commission made no deduction for the expense of his clothing, board, and lodging. Its theory was that the language of the act authorizes an allowance in such cases not only for the amount devoted to the support of the person who is partially dependent upon the minor child, but also for the amount which such minor child contributes to the dependent person to be applied to his own support. The argument in support of this theory appears to be that the mother is primarily chargeable with the support of her minor children and that a contribution which one of those minor children makes to the support of himself and the mother is, in the contemplation of the law, money devoted to the support of the mother, as the statute expresses it. We can see no reason for such a construction of the statute. The language is plain and it limits the measure of

the amount of the award "to the annual amount devoted by the deceased to the support of the person or persons so partially dependent." Money which goes to the support of the deceased himself is, of course, not devoted to the support of any other person.  The award is not made to the mother because of the fact that she is primarily responsible for the support of the minor children.  The purpose of the act is to provide a compensation to the dependent person for the loss such person will sustain because of the death of the decedent, necessarily a loss subsequent to the death and not a loss of anything acquired before death.  This loss, by the words of the act, is to be measured by the money previously devoted by the decedent to the support of the dependent.  This implies that the loss to be compensated for does not include loss of the society, love, or affection of the decedent, but that it is to be confined to the loss of support from the decedent.  There could be no loss of the latter character after such death, on account of the money previously devoted to providing clothing, board, and lodging for the decedent himself and supplied by the decedent to the general family chest.  [1] It follows that in determining the annual amount devoted to the support of the dependent mother, the amount of the general family expense paid by the decedent should be diminished by deducting the fair proportion thereof that went to the support of the decedent and to others in the family who were not dependent upon him.  Everything should be excluded therefrom except the amount of his contributions that was devoted to the support of the dependent.  The commission appears to have been induced to adopt its theory on the authority of the decision in *In re Gove,* 223 Mass. 187, [111 N. E. 702], which holds to a similar theory of compensation under the Massachusetts Compensation Act, [Mass. Stats. 1912, c. 571].  There is, however, a marked difference between the language of that act and the language of the statute of California on the subject, and it is precisely this difference that caused the decision in Massachusetts. The Massachusetts act makes the measure of the compensation dependent upon "the amount contributed by the employee to such partial dependents."  The Massachusetts court construed this to mean all amounts contributed by the deceased to the dependent, regardless of the purpose to

which it was applied, and thereupon it concluded that where the deceased was a minor and the dependent person was his parent with whom the deceased lived, the amount of his contribution going to the support of the deceased himself was not to be a deduction from the total contribution to the dependents. This was a fairly logical conclusion from the language of the Massachusetts act, but it cannot be taken as authority for the conclusion that the California act has the same effect. The language of our law, in cases of partial dependency, points to exactly the opposite conclusion and limits the measure of the award to three times the annual amount devoted to the support of the dependent. This, of course, could not include any amount devoted to the support of some other person, or to the support of the decedent himself while living with the dependent as a member of the family.

The award is annulled and the commission is directed to proceed to an award in conformity with the views expressed in this opinion.

Sloane, J., Shurtleff, J., Lawlor, J., Angellotti, C. J., and Lennon, J., concurred.