[Civ. No. 5992. First Appellate District, Division One.—October 21, 1927.]

SPERRY FLOUR COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

R. P. Wisecarver and Redman & Alexander for Petitioners.

G. C. Faulkner for Respondents.

TYLER P. J.—*Certiorari* to review an award of the Industrial Accident Commission. It appears therefrom that one E. A. Joseph was on September 18, 1926, in the employ of petitioner Sperry Flour Company and on that date he came to his death by reason of an industrial injury due to his having been overcome with poisonous fumes while fumigating a warehouse. Thereafter E. M. Joseph, father of the employee, filed an application for adjustment of claim with the Industrial Accident Commission and subsequently upon a hearing the applicant's testimony was taken, which is the only testimony in the case. It showed that at the time of the death of his son applicant had his own home in Sacramento, while the son was living in Oakland and working for the Sperry Flour Company in that city. Residing with the father were the mother and two other children, a grown son, twenty-three years of age, a minor son aged nine, and a grandfather; the father was earning $225 per month. He owned his own home and was fully able to support his wife and minor son. The oldest son was working and living with the father and he contributed to the family about $30 per month. The testimony of the applicant further showed that the deceased employee gave the father from $40 to $50 a month in cash; that this payment was made to the father partly in recompense for obligations that the father had assumed for the son; that the father used the money so obtained indiscriminately, at times depositing it in the bank and at other times settling bills with the same; that previously when the son was living at home he paid from $30 to $35 a month, which sum nearly equalled his board. It also appeared that at times the son paid a larger amount which was applied on the debt to the father. Under these facts the Commission found that the applicant was partially dependent for support upon the deceased employee. That the annual amount devoted for such purpose was $420, entitling the claimant to a death

benefit of $1,260, payable in weekly installments of $17.81 based on a wage of $125 a month. That claimant was also entitled to an award for $150 burial expenses, payable to himself. Accordingly an award was made in favor of applicant in the total sum of $1,410. Petitioners asked for a rehearing upon the ground that the evidence did not justify the findings of fact, and that the finding did not support the award. It was claimed in support of the application before the Commission that the payments by the son to the father were not contributions for support, but were, on the contrary, payments for his own board over weekends and holidays, and upon an indebtedness under a special agreement with the father. The petition for a rehearing was denied. The same argument is here advanced in support of this petition. We are cited to cases to the effect that payment of money to repay an old obligation and for actual support are not contributions to a parent for his support (see *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.*, 186 Cal. 517 [199 Pac. 796]; *Great Western Power Co.* v. *Industrial Acc. Com.*, 191 Cal. 724 [218 Pac. 1009]; 27 Cal. Jur. 543).

Respondents contend that there is evidence in the record to show that at least a portion of the sums advanced by the son to the father were used by the latter in obtaining the necessaries of life. Petitioners contend that, even assuming this to be true, nevertheless it was not such a contribution as was relied upon by the father for necessaries, as the evidence conclusively shows that he was not a dependent. Attorney for respondent Commission concedes this to be true and he asks that the award be annulled and that the matter be remanded for further proceedings before the Commission under the provisions of section 67c of the Workmen's Compensation Act [Stats. 1917, p. 876] in order that testimony may be had showing dependency in other members of the family, a matter that was overlooked at the time of the hearing. The request is made in order that the rights of all dependents may be adjudicated in one award. We are inclined to grant the request. The award is annulled and the case is remanded for the purpose indicated.

Knight, J., and Cashin, J., concurred.