PAUL DRAGOVICH AND ANOTHER v. MILLE LACS REGION CO-OPERATIVE POWER & LIGHT ASSOCIATION AND ANOTHER.[1]

June 5, 1942.

No. 33,212.

[1]Reported in 4 N. W. (2d) 352.

*Louis Hallum,* for relators.

*L. N. Foster* and *E. A. Linnee,* for respondents.

HOLT, JUSTICE.

*Certiorari* to review a decision of the industrial commission.

No finding of fact is directly attacked. Only the weekly compensation awarded relators is challenged. The relators are the father and mother of the employe, who was killed in an accident arising out of and in the course of his employment as a lineman under a Minnesota contract of hire at the weekly wage of $35.70. In paragraph 7 of the findings, the commission finds that relators are the sole dependents of the decedent, "both of whom were partially supported by said decedent at the time of his death, and for a reasonable period of time prior thereto. That said income loss of the petitioners [relators] herein was $3.00 per week." That sum was awarded, and certain amounts for doctor and funeral.

Does the evidence sustain the finding that relators' income loss was three dollars per week? Their counsel in the brief (p. 10) states: "I realize that the testimony furnishes no basis for an exact computation of the amount in dollars and cents which deceased contributed to his home, because no account of any kind was kept." However, the contention is that the law, Mason St. 1927, § 4275(19), fixes the compensation at no less a sum than eight dollars per week. The burden was on relators to prove the income loss.

Relators cite State ex rel. Crookston Lbr. Co. v. District Court, 131 Minn. 27, 154 N. W. 509. The case is not in point. The widowed mother of the unmarried employe was found by the court to be wholly dependent upon him. The death of the employe occurred in 1914, when L. 1913, c. 467, governed. Not until the enactment of L. 1915, c. 209, did subd. 19 of § 4275 come into our

workmen's compensation law, measuring the compensation of partial dependents by their income loss.

The same situation existed in State ex rel. Globe Ind. Co. v. District Court, 132 Minn. 249, 156 N. W. 120. The death of the employe occurred in 1914. The alleged inconsistency between subd. 15 and subd. 17, which there troubled the court, was thought cleared up by L. 1915, c. 209. Relators also cite State ex rel. Fleckenstein v. District Court, 134 Minn. 324, 159 N. W. 755, which also involved a death prior to the passage of L. 1915, c. 209, so it is of no aid here.

The applicable law to the facts found is this part of Mason St. 1927, § 4275(19):

"The compensation payable to partial dependents shall be subject to a maximum of twenty ($20.00) dollars per week and a minimum of eight ($8.00) dollars per week; provided that if the income loss of the said partial dependents by such death is eight ($8.00) dollars or less per week; then the dependents shall receive the full amount of their income loss."

The quoted part is not open to construction. Relators' income loss being three dollars per week, that amount must be the compensation.

The decision is affirmed.