## AXEL E. PETERSON AND OTHERS v. THIEF RIVER FALLS WELDING COMPANY AND ANOTHER.[1]

July 8, 1955.

No. 36,427.

*Sexton, Tyrrell & Jardine,* for relators.

*H. O. Berve,* for the respondents.

DELL, CHIEF JUSTICE.

Certiorari to review a decision of the industrial commission determining compensation involving partial dependents under the workmen's compensation act.

[1]Reported in 72 N. W. (2d) 75.

The undisputed facts are that the deceased employee, Ivan Peterson, and his brother, Loren, residents of the city of Thief River Falls, Minnesota, rented a house in which they lived with their sister, June, and their father and mother, ages 79 and 77 respectively. They paid the rent which was $30 per month and shared between them the other family living expenses such as groceries, coal, fuel oil, gas, light, water, and other miscellaneous items approximating $72 per month. They paid wages to their sister June, who did all the household work for the entire family, of $10.50 per month. In addition were expenses for oil, furniture and furnishings, the care of the yard, and their sister June's clothing and medical expenses. Ivan made additional purchases of groceries from time to time in excess of the monthly allowance given to June for the household account, and he had over the years while the family occupied this home purchased a refrigerator, a vacuum cleaner, an oil burner, three expensive mattresses, and a small radio, all out of his own funds. Ivan and Loren each shared one-half of the household expenses except for those separate items purchased by Ivan and voluntarily placed in the household by him and except for a fuel bill of $124 in 1952-1953 which he paid. There were also some small medical bills for the mother of which Ivan had paid the larger portion.

The evidence indicates that Ivan contributed more than Loren to the maintenance of the household, but he also got more in return because Loren operated a farm some distance from the city and was away a good deal of the time. Ivan held a steady job in Thief River Falls and received wages in the amount of $59.11 per week. The testimony is that the father had a monthly income under the social security act of $25 per month and the mother $12.50 per month, a total between them of $37.50. The father testified that they had no property or other income and that they spent this on their support but did not pay anything to the sons. There is no testimony indicating that the parents at any time contributed to the general household account. Testimony was introduced that the cost of maintaining an aged person in a home in Thief River Falls, at the time of, and for the period immediately prior to, Ivan's death, was from $50 to $60 per month.

It is evident that the referee totaled up the contributions made to the household account adding to it rent paid, wages of $10.50 per month paid June by Loren and Ivan, and the social security payments received by the parents in the amount of $37.50. With the latter items added, the household account totaled $150 a month or $34.62 a week. Considering June's services in the family home, her performance of the household duties, and the care she gave her parents, the referee placed the contributions made by Ivan, Loren, and June upon equal ground and found that Ivan contributed one-third thereof. The referee found that, for a reasonable period of time immediately prior to the fatal accident causing the death of Ivan, the total income of the parents, who were found to be partial dependents, was the sum of $34.62 per week and that Ivan contributed to his parents the sum of $11.54 per week and ordered compensation accordingly.

On appeal to the industrial commission the findings of the referee were amended and the commission found that for a reasonable period of time immediately prior to Ivan's fatal accident on April 7, 1953, the support furnished by the deceased employee to his parents was of the reasonable value of $12.70 a week based upon a finding that immediately prior to said accident the total income of the parents as partial dependents was $25.40. Compensation was awarded by the commission at the rate of $12.70 per week. A memorandum attached to the commission's findings reads in part as follows:

"The referee based his award of compensation on percentage of the contribution to a common household account. The commission is of the opinion the award should be on the premise that the parents were wholly supported by the two brothers. Each paid substantially equal amounts.

"The testimony is that it cost from $110 to $120 to support an aged couple in their community. By the death of their son, they lost half of that support.

"Therefore, the commission is modifying the referee's determination and is awarding compensation on the basis of an income loss of $55.00 a month, or $12.70 a week."

The questions for determination on this review are whether the income loss of the dependents is to be measured as the referee measured it, that is, by the contributions which the deceased employee made to the family fund, or as the industrial commission measured it, that is, by the market cost or value of what the dependents were receiving from the deceased employee, or as relators contend, by construing together and applying M. S. A. 1949, § 176.12, subds. 4, 14, 17, and 19, as amended by L. 1951, c. 457, § 5.[2]

[2]"176.12  DEPENDENTS AND ALLOWANCES. * * *

* * * * *

"Subd. 4.  Partly supported.  Any member of a class named in subdivision 3, who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his partial dependent, and payment of compensation shall be made to such dependents in the order named;

* * * * *

"Subd. 14.  Parents.  If the deceased employee leave no widow or child or husband entitled to any payment hereunder, but leaves both parents wholly dependent on deceased, there shall be paid to such parents jointly 45 per cent of the weekly wage at the time of the injury of the deceased; provided, that in case of the death of either of the wholly dependent parents the survivor shall receive 35 per cent of the weekly wage thereafter; if the deceased employee leave one parent wholly dependent on the deceased, there shall be paid to such parent 35 per cent of the weekly wage at the time of injury of the deceased; provided, that the compensation payable under this paragraph shall not exceed the actual contributions made by the deceased to the support of such parent or parents, for a reasonable time immediately prior to the injury which caused the death of the decedent;

* * * * *

"Subd. 17.  Partial dependents.  Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of wages regularly contributed by the deceased to such partial dependents at the time of, and for a reasonable time immediately prior to, the injury, bore to the total income of the dependent during the same time;

* * * * *

"Subd. 19.  Compensation; rate; limitation.  * * * the compensation payable to partial dependents shall be subject to a maximum of $32 per week and a minimum of $15 per week; provided, that if the income loss of

The relators contend that the amount of compensation due partial dependents must be determined by construing together and applying § 176.12, subds. 4, 14, 17, and 19, and not on the basis of what it would cost to support such dependents in the community in which they live. Relators also argue that, since the contributions in the instant case were made by the two brothers to a general household account for the entire family, including the two brothers, the sister, and the parents, there must be a deduction of the amount devoted to the support of the other members of the household outside of the parents and this includes the decedent himself while living in the household as a member of the family. Finally relators contend that the income of the parents, which in the present instance is limited to $37.50 received under the social security act, is a proper item to be taken into account in computing the total income of the partial dependents so as to determine the amount of compensation due such partial dependents pursuant to § 176.12, subd. 17.

While this court has been in harmony with the liberal construction to be given to workmen's compensation acts, it has adhered to the rule in construing these laws that the court is not permitted to legislate or depart from the clear and accepted meaning of words used in the statute. State ex rel. Gorczyca v. City of Minneapolis, 174 Minn. 594, 219 N. W. 924.

The applicable portions of § 176.12, subds. 4, 14, 17, and 19, are not open to construction if the parents in this case are partial dependents; in that event those statutory provisions constitute the applicable law. Subd. 17 provides that partial dependents shall be entitled to receive the proportion of the benefits provided for actual dependents which the *average amount of wages* regularly contributed by a deceased employee to such partial dependents at the time of, and for a reasonable time immediately prior to, the injury, bears to the total income of the dependent parents during the same time. The law clearly shows an intent that actual dependents shall receive more compensation than partial dependents. State ex rel.

the said partial dependents by such death is $15 or less per week, then the dependents shall receive the full amount of their income loss; this compensation shall be paid during dependency, * * *."

Hayden v. District Court, 133 Minn. 454, 158 N. W. 792. The compensation to be paid to parents as partial dependents cannot be computed upon what it cost to support such dependents in the community in which they live but must be based on what they are entitled to receive under the provisions of subd. 17, the income loss to be measured, finally, by subd. 19.

Should the social security payments be taken into account in arriving at the total income of these dependent parents and in determining whether the parents in this case are partial dependents? There are no decisions in this state bearing precisely upon that question. In California a mother-in-law was considered a partial dependent, not a total dependent, because the evidence showed that the extent of the deceased employee's contribution to her support was to supply her with room and meals and because she received $23.23 a month from social security. Larsen v. Industrial Acc. Comm. 34 Cal. (2d) 772, 215 P. (2d) 16. In Gantner v. Fayette Brick & Tile Co. (Mo. App.) 236 S. W. (2d) 415, the court held the evidence undisputed that the son was contributing $15 to $20 a month directly to his father and was paying $12 a month for insurance; that the father was receiving $22.21 a month from social security and would continue to receive that amount during his lifetime; and that therefore claimant received substantial support from sources other than his son. The court in that decision quoted from 71 C. J., Workmen's Compensation Acts, § 273, in support of its conclusions as follows:

"* * * It is generally held that one is not totally dependent where a substantial part of the support comes from another source; but courts will not deprive applicants of the rights accorded total dependents merely because of minor considerations or benefits which do not substantially affect or modify the status of the applicants toward the deceased employee."

In 2 Schneider, Workmen's Compensation Law (2 ed.) § 382, it is said:

"Where the parents were receiving a pension in addition to the son's contributions, a finding of partial dependency was in accordance with the facts in the case."

In Matter of Duffy v. Girard Trust Co. 275 App. Div. 1009, 91 N. Y. S. (2d) 705, the father, a disabled veteran, received a pension of $60 per month, and the court held the mother, who earned $32.25 a week, to be a partial dependent. We believe that the payments under the social security act to the parents in this case constitute substantial support from sources other than the deceased employee and therefore justify a finding of partial dependency and we so hold.

Relators contend that there must be a deduction of the value of the support devoted to the other persons in the family household, including the decedent, in order to arrive at his net contribution to his parents, that is the true income loss under subd. 19. Since no accurate accounting was kept, it may well be assumed that the parents, the two sons, and the daughter received equal benefits in maintenance, care, lodging, and home incidentals and that each had the same right to enjoy those benefits. The testimony, however, is that the parents did not put their social security payments into the household but that they used it otherwise in support of themselves and apparently were free to do so. We assume from the record that an over-all view of the situation as far as it can be arrived at would be that each benefited equally from the general household account, received a one-fifth share, and that therefore the parents as dependents were benefited to the extent of a two-fifths share and the decedent, his brother, and his sister each one-fifth as their return from the account furnished solely by Ivan and Loren.

The relators contend that the living expenses in the city of Thief River Falls would be from $50 to $60 a month if the value that Ivan received from this account were to be measured at the present cost. This of course would not be applicable here and could not be the measure of any deduction for, if that were to be multiplied by the number who were the recipients, it would amount to from $250 to $300 per month, more than twice the total amount of the household account and the amount necessary to keep it going satisfactorily to

them. This household no doubt was managed frugally and no profit was involved. A reasonable analysis of the facts would indicate that even with deductions for maintenance of the members of the household, outside of the parents, there would remain a net contribution to them as partial dependents. In such a case the difference in the value of the benefits received and the amount regularly contributed is the net contribution; if it is used for the support of dependents, it renders them partial dependents.

In State ex rel. Fleckenstein Brg. Co. v. District Court, 134 Minn. 324, 327, 159 N. W. 755, 756, this court held that "The test of dependency is, not whether they could support life without the contributions of the deceased, but whether they regularly received from his wages part of their income or means of living." It seems to us that the rights of the parties as determined by that case are somewhat determinative of the procedure to be followed here. In that case the father earned and contributed to the family income $18 per week and the deceased son $7.50 per week, the two items aggregating $25.50 and constituting the family income. The court there said (134 Minn. 327, 159 N. W. 756):

"* * * If the evidence stopped here, it would hardly be disputed that the parents 'regularly derived part of their support from the wages of the deceased.' He contributed nearer one-third than one-quarter of the family fund, and from the evidence above referred to it would appear highly improbable that his support subtracted from the family store as large a proportion as he contributed.

"The only trouble arises from the fact that on cross-examination the father testified, in answer to questions of counsel, that the $7.50 his son earned was not sufficient to pay for his board and clothing. *If such were the fact, in no proper sense could it be said that the parents regularly derived any part of their support from deceased, or that they were dependent upon him.*" (Italics supplied.)

The Fleckenstein case was cited with approval in Milwaukee Basket Co. v. Wiecki, 173 Wis. 391, 181 N. W. 308, where the facts were similar in the respect that the contributions made went to the general support of the family. In that case the deceased workman

was a 19-year-old boy, one of a family of six children who lived with their parents. The father, a brother, and two sisters were also wage earners. A year before the boy's death the family had purchased the house in which they lived. During the year, $900 taken from the common earnings of the family had been paid on the purchase price and the remainder of the earnings were used to support the family. The Wisconsin court held that the boy's parents were partially dependent for their support upon the earnings of their son and that compensation should be fixed on the basis of the difference between the amount he contributed and the amount necessarily taken from the general family purse for his individual care and support. See, Pushor v. American Ry. Exp. Co. 149 Minn. 308, 183 N. W. 839.

In determining whether or not an individual is a partial dependent of the deceased employee, it seems quite clear that this court has considered the latter's maintenance a proper deduction from the amount in fact turned over by him to the individual recipient. See, Bartkey v. Sanitary Farm Dairies, 170 Minn. 159, 212 N. W. 175. In that case the industrial commission applied the rule of deduction. 4 Minn. Work. Comp. Dec. 161. This court affirmed in the Bartkey case but did so without discussing the application of the rule of deduction for maintenance of the deceased. See, also, Moll v. City Bakery, 199 Mich. 670, 165 N. W. 649; Wisconsin Mut. Liability Co. v. Industrial Comm. 184 Wis. 203, 199 N. W. 221; Federal Mut. Liability Ins. Co. v. Industrial Acc. Comm. 186 Cal. 517, 199 P. 796; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S. W. 803. In determining whether or not an individual is a partial dependent of the deceased employee, it is generally held that the cost of the latter's maintenance shall be deducted from the amount turned over by him to the individual.[3] Under this rule the measure of compensation would be the amount in fact made applicable to and devoted to the support of the person or persons so partially dependent. The Minnesota act provides for compensation measured by the "average amount of wages regularly contributed by the deceased to such partial dependents." Subd. 17.

---

[3] 15 Minn. L. Rev. 363.

While this court said in Gossen v. Township of Borgholm, 174 Minn. 227, 218 N. W. 882, that the compensation law is a remedial and economic measure establishing a public policy and that it must be liberally construed to effectuate its true purpose, the court, nevertheless, held therein that the parents were partial dependents under facts of that case and commented upon the distinction made in the statutes as to the specie of contribution which goes to a partial dependent and that which goes to a person wholly dependent, questioning the reason for such distinction. The question of dependency of course is one of fact to be determined in each case. Johnson v. Munsingwear, Inc. 222 Minn. 540, 25 N. W. (2d) 308. Where the statute, however, is clear and not open to construction, its application to the facts involves a question of law. Dragovich v. Mille Lacs Region Co-op. P. & L. Assn. 212 Minn. 543, 4 N. W. (2d) 352. For a recent case involving the construction of the statutes both as to total and partial dependency, see Johnson v. Munsingwear, Inc. 224 Minn. 551, 29 N. W. (2d) 822.[4]

No doubt the commission proceeded on the theory that there is nothing in the compensation law which would suggest any deduction for maintenance of deceased in a case of this kind. This approach, however, overlooks a fundamental principle underlying the workmen's compensation law. It was adopted to compensate for a loss. The loss in every case must be determined by the facts in that particular case. Bearing in mind, therefore, the principle of compensation, the question of dependency is always a question of fact. It is our conclusion that we have here a case of partial dependency on the part of the parents and that § 176.12, subds. 4, 14, 17, and 19, must be construed together and applied and that the statement contained in subd. 19 that:

"* * * the compensation payable to partial dependents shall be subject to a maximum of $32 per week and a minimum of $15 per week; provided, that if the income loss of the said partial depend-

[4]For other cases involving dependence, both partial and total, see State ex rel. Kuehner v. District Court, 137 Minn. 467, 163 N. W. 1070; State ex rel. Splady v. District Court, 128 Minn. 338, 151 N. W. 123.

ents by such death is $15 or less per week, then the dependents shall receive the full amount of their income loss; * * *."

is not open to construction as to the quoted part.

The decision of the industrial commission is reversed and the case remanded with directions to the commission to proceed to ascertain, compute, and determine the compensation payable to petitioners under the applicable statutory provisions, as partial dependents of their deceased son.

Reversed and remanded.