# CASES DETERMINED

AT THE

# January Term, 1923.

PIERCE, Appellant, vs. INDUSTRIAL COMMISSION OF WIS-
CONSIN and others, Respondents.

*September 15, 1922—January 9, 1923.*

*Workmen's compensation: Persons subject to the act: Owner of
large estate: Award for medical services: Payment directly
to one performing services.*

1. One employed in and about a portable sawmill used for cutting
up dead timber on a large estate maintained for the pleasure
of the owner, and the owner who employed more than three
workmen on the place, are subject to the provisions of the
workmen's compensation act.
2. Within the contemplation of the workmen's compensation act
an employer may have more than one business, trade, pro-
fession, or occupation, and both the owner of a large estate
employing several men subject to industrial hazards and the
workmen are within the terms and spirit of the act.
3. In contemplation of law the award for medical services is
wholly to the injured employee, and the order of the indus-
trial commission to pay directly to the doctor is a proper
procedure which the commission may adopt to protect all
parties in interest.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court con-
firming an order of the *Industrial Commission* awarding
certain compensation to the respondents *Barker* and *Tartar*
against the appellant.

It is undisputed that on January 11, 1921, while in the
employ of appellant, the respondent *Barker* met with an

accidental injury resulting in his disability.   No question is raised in this action but that at the time of such injury *Barker* was performing service growing out of and incidental to his employment.   The question contested is whether *Barker's* employment was in the usual course of the business, trade, or occupation of appellant so as to bring the parties under the provisions of the compensation law. Neither of the parties filed any written election either to become subject to the law or not to become subject to it, and neither of the parties has at any time filed any withdrawal.

For the appellant the cause was submitted on the brief of *Hanitch, Hartley, McPherson & Johnson* of Superior.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

The following opinion was filed October 10, 1922:

CROWNHART, J.   It appears that the appellant is a wealthy man residing in New York.   He owns a summer home, consisting of some 6,000 acres along the Brule river in Douglas county, this state.   On this place he has several buildings, for which he maintains a central heating plant. Also he maintains a fish hatchery, a deer pasture with forty head of deer, some domestic animals, and a portable sawmill.   About six to eight acres of the land are cleared for lawn and the raising of vegetables.   The land is mostly covered with timber, and the portable sawmill is used to cut up dead timber.   In the various operations on the place from nine to fourteen men have been employed for several years.   In and about the sawmill five men were employed for several months before the accident, one of whom was the respondent *Barker.*

The case was tried before the *Industrial Commission,* and the *Commission* found that both parties were subject

to the compensation act, and other necessary facts for recovery of compensation. In its award the *Commission* awarded fees for medical attendance directly to the doctor who rendered the service. The doctor was not a party to the proceedings. The appellant brought action in the circuit court to set aside the award, on the grounds that appellant was not engaged in an industrial enterprise contemplated by the compensation act, and that the *Commission* had no authority to make an award directly to the doctor for medical services.

The statute defines "employer" within the scope of the act as "Every person . . . who has any person in service under any contract of hire" who shall become subject to the act.

The term "employee" is also defined by statute to be "Every person in the service of another under any contract of hire, . . . but not including any person whose employment is not in the usual course of the trade, business, profession, or occupation of his employer."

It has been frequently held that an employer may have more than one business, trade, profession, or occupation. By the act, no business, trade, profession, or occupation is barred, though since 1917 farmers come under the act only by affirmative election. Others come under the act automatically upon employing three or more persons in a common employment.

Plainly, the appellant was engaged in the business of keeping up an extensive estate for his pleasure. It was a business that required the employing of several men subject to industrial hazards. No reason appears to us why the appellant and his workmen do not come within the terms and spirit of the compensation act. We prefer to put liability on the broad ground of the general business of maintaining a large estate of this kind. The trial court held liability on the basis of operating a sawmill. His position was well founded. It was the contention of the appel-

lant that the estate was not a farm, with which we agree, so the question of election to come under the act is not raised. It is plain that the appellant was not running a farm and that the injured workman was not engaged in farming.

There is no exception to the amount of the award for medical services, but only to the method of awarding directly to one not a party to the proceeding. We hold that in contemplation of law the award was wholly to the injured man, and the order to pay directly to the doctor is a proper procedure which the *Commission* may adopt to protect all parties in interest.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on January 9, 1923.