CHARLES PLOETZ & COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*December 9, 1927—January 10, 1928.*

*Workmen's compensation: Employee not engaged in usual course of business.*

One employed to cut down a tree standing on property on which the employer proposed at some future time to erect a building for use in its implement business was not employed in the "usual course of the employer's business," within the workmen's compensation act, so as to authorize an award of compensation for his death caused by falling from the tree.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Affirmed.*

Workmen's compensation.    The facts in this case are simple.    On August 4, 1926, Paul Schneller, aged sixty-eight years, was employed by *Charles Ploetz & Company,* a copartnership engaged in the retail implement business, to cut down a tree which stood on property upon which the company proposed at some subsequent time to erect a building for use in its implement business.    After working about a half hour, Schneller fell from the tree and shortly thereafter died.    He was a retired farmer who did odd jobs around the village and had on previous occasions been employed by the company.    There was no agreement as to wages.    His employers, however, expected to pay him at the rate of fifty cents an hour for an eight-hour day.    The premises upon which the tree stood were not a part of the premises then occupied by the company.    The company occupied rented premises and expected to erect its own building and move into its own plant at some future time, and it was in preparation for the erection of its building that it desired to have the tree cut down.    An application for compensation was filed, the *Industrial Commission* awarded compensation, and this action was brought to review the award. Upon the hearing the award of the *Industrial Commission* was set aside, and from the judgment setting it aside the claimant and the *Industrial Commission* appeal.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

ROSENBERRY, J.    A number of questions are discussed by the plaintiffs in support of the judgment of the circuit court.    We shall find it necessary to consider but one of

these. Sec. 102.07, Statutes of 1925, provides in part as follows:

"The term 'employee' as used in sections 102.01 to 102.34, inclusive [workmen's compensation act], shall be construed to mean: . . .

"(4) Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, all helpers and assistants of employees, whether paid by the employers or employee, if employed with the knowledge, actual or constructive, of the employer, and also including minors of permit age or over (who, for the purposes of section 102.08, shall be considered the same and shall have the same power of contracting as adult employees), but not including any person whose employment is not in the usual course of the trade, business, profession, or occupation of his employers, unless such employer has, by an affirmative election, in the manner provided in subsection (1) of section 102.05, specifically elected to include domestic and other employees under coverage of the act."

The question in this case is, Was the deceased employed in the usual course of the trade, business, profession, or occupation of his employers? If not, the claimant is not entitled to compensation. It is argued that because the premises upon which the tree stood were intended by his employers to be at some future time used for the implement business, he was employed, within the meaning of the act, in the usual course of his employer's trade or business. It has been held that a person employed to make repairs, even though the employment was of a temporary nature, was employed in the usual course of business on the ground that repairs are usual and necessary in the ordinary course of carrying on a business. *Holmen Creamery Asso. v. Industrial Comm.* 167 Wis. 470, 167 N. W. 808; *F. C. Gross & Brothers Co. v. Industrial Comm.* 167 Wis. 612, 167 N. W. 809. Exposition and citation of authority is not particularly helpful in the application of words of simple meaning to a given situation, not that simple words may not have many implications and be very difficult of application, but

definitions and expositions are quite as likely to be confusing as helpful. It was certainly not usual in the course of their business for the employers to cut down trees or to prepare a place for the erection of a new building. The legislature must have meant something by the inclusion of this expression in the statute. If it is ever to be of any force or effect, it is difficult to imagine a case in which it is more clearly applicable than in the present case. Some far-fetched argument could be made to sustain an award in any case. We do not lose sight of the fact that the act should receive a liberal interpretation. While the interpretation should be liberal it must also be reasonable. If the employment in this case can be held to be in the usual course of business, so an employment of the deceased to hoe the garden or mow the lawn or to do any other casual work for the employer may be held to be in the usual course of business. Here the employment had no relation whatever to the usual and ordinary course of the employer's business, and the trial court correctly held that the claimant was not entitled to compensation.

*By the Court.*—Judgment affirmed.