NORTHWESTERN CASUALTY & SURETY COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*October 12—November 7, 1928.*

*Shaw, Muskat & Sullivan* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Frank W. Kuehl,* assistant attorneys general, and oral argument by *F. E. Bump,* assistant attorney general.

CROWNHART, J. Appellant issued its policy of insurance to cover compensation of employees of the respondent, Ben C. Gauthier, Jr., specifically in his hotel operations and other operations incident thereto. The insured later engaged in logging operations, and it was while employed in such logging operations that respondent Charles Doud, an employee of the insured, was injured and became entitled thereby to compensation from the insured.

The appellant raised the objection before the commission and the court below that the policy did not cover logging operations, and that on the issue thus presented the Industrial Commission did not have jurisdiction to hear and determine the same.

The Industrial Commission is given jurisdiction by sec. 102.17, Stats., to hear all disputes or controversies affecting compensation, and by sec. 102.18 to make its finding and award. But appellant claims that the commission had no jurisdiction to construe the policy and determine that the company had in law insured the risk. Its position is erroneous. Every board, commission, or body having a right to hear and determine a controversy must in the first instance determine its jurisdiction—its right to proceed. This rule is elementary. If it errs in assuming jurisdiction, the aggrieved party may have a review by *certiorari* in the absence of a statute giving some other due process. *Borgnis v. Falk Co.* 147 Wis. 327, 359, 133 N. W. 209. The commission decided it had jurisdiction to determine compensation and, necessarily, had to determine proper parties to the award in the first instance. The appellant sought review pursuant to

the compensation act, and is bound by the forum it selected, assuming it had a remedy by *certiorari*.

Jurisdiction is determined as a matter of law. The statute furnishes the same remedy in this respect as *certiorari*. The circuit court reviewed the question of jurisdiction of the commission, and sustained it. From that decision the appellant has a right of appeal to this court and to be here heard in review of the judgment of the circuit court. This is due process as to the appellant, which brought itself under the act by issuing its policy.

The statutes applicable are printed in the margin.[1] It will

[1] "102.17. *Notice of hearing; witnesses.* (1) Upon the filing with the commission by any party in interest of any application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, it shall mail a copy of such application to all other parties in interest and the insurance carrier shall be deemed a party in interest. . . ."

"102.18. *Findings and award.* After final hearing by said commission, it shall make and file (1) its findings upon all the facts involved in the controversy, and (2) its award, which shall state its determination as to the rights of the parties. Pending the final determination of any controversy before it, the commission shall have power after any hearing, to make interlocutory findings, orders and awards which may be enforced in the same manner as final awards. The commission shall have the power to include in its final award, as a penalty for noncompliance with any such interlocutory order or award, if it shall find that noncompliance was not in good faith, not exceeding twenty-five per cent. of each amount which shall not have been paid as directed thereby. The commission may on its own motion, modify or change its order, findings or award at any time within twenty days from the date thereof if it shall discover any mistake therein."

"102.28. *Preference of claims; employer's liability insurance.* (1) . . .

"(2) An employer liable under this act to pay compensation shall insure payment of such compensation in some company authorized to insure such liability in this state unless such employer shall be exempted from such insurance by the industrial commission. . . ."

"102.30. *Other insurance not affected.* . . . But liability for compensation under sections 102.03 to 102.34, inclusive, shall not be reduced or affected by any insurance, contribution or other benefit whatsoever, due to or received by the person entitled to such compensation, and the person so entitled shall, irrespective of any insurance or other contract, have the right to recover the same

be seen: 1. The employer was required to carry insurance under the compensation act. Sec. 102.28 (2). This compulsory insurance is required as a part of the state's public policy to protect the injured workmen against insolvency of their employers. 2. The insurance company consents to be bound by the compensation act when it writes insurance pursuant thereto. Sec. 102.31. 3. As a further public policy to protect the injured workmen, the statute requires every policy so issued to cover all liability of the assured under compensation. Sec. 102.31. 4. In any dispute or controversy before the commission as to compensation, the insurance carrier is made a party. Sec. 102.17 (1). 5. The employee entitled to compensation has the right to recover in his own name in the manner provided in the act the liability of any insurance company which may have insured the

directly from the employer; and in addition thereto, the right to enforce in his own name, in the manner provided in sections 102.03 to 102.34, inclusive, the liability of any insurance company which may have insured the liability for such compensation. . . ."

"102.31. *Regulation of liability insurance.* (1) Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of sections 102.03 to 102.34, inclusive, and provisions thereof inconsistent with sections 102.03 to 102.34, inclusive, shall be void. Such contract shall be construed to grant full coverage of all liability of the assured under and according to the provisions of sections 102.03 to 102.34, inclusive, notwithstanding any agreement of the parties to the contrary unless the industrial commission has theretofore by written order specifically consented to the issuance of a contract of insurance on a part of such liability. No such contract shall be canceled or revoked within the policy period until a notice in writing shall be given to the industrial commission, fixing date on which it is proposed to cancel or revoke such contract, such notice to be served personally or by registered mail on the industrial commission at its office in the state capitol. No such cancellation or revocation shall be effective as against the claim of an injured employee until ten days after the service of such notice, unless the employer has obtained other insurance coverage for the protection of such employee, prior to the time of the injury for which claim is made. Every contract of insurance shall be written for the period of not less than one year."

liability for such compensation. The statutes plainly fix the liability of the insurance carrier beyond a doubt. They were enacted as an amendment to the original act obviously pursuant to a sound public policy. It was essential to prevent just such limitations and uncertainties as here attempted to be written into the policy. The insurance carriers are amply protected by their audit of the pay-rolls, the premiums being based thereon, and rates fixed based on the various occupations according to hazard.

*By the Court.*—The judgment of the circuit court is affirmed.