STURMAN, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 14, 1930—January 13, 1931.*

*L. E. Vaudreuil* of Kenosha, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general, and oral argument by *Mr. Naujoks.*

The following opinion was filed November 11, 1930:

FRITZ, J. Plaintiff was engaged in the business of operating a soft-drink parlor, and for several years had employed the defendant Klobucnik as a bartender and handyman. Occasionally he was required to do some repairing or cleaning of some of the five houses which plaintiff owned and rented, during the years 1925 to 1927. On August 2, 1927, he was injured while helping another man do some painting at one of plaintiff's houses. He applied for compensation under the workmen's compensation act, and the Industrial Commission concluded that he and the plaintiff were subject to the provisions of that act.

In support of the award it is contended that plaintiff came under the compensation act by reason of having had four persons in his employment in painting and repairing one of his houses in August, 1926. The evidence admits of a finding that four persons had been employed by plaintiff for several days to do that work. The fact that he then had three or more employees would, by virtue of sec. 102.05 (2), Stats., have brought him within the terms of the act (in the absence of his filing, in accordance with its provisions, a notice not to come under its terms), unless their employment was not "in the course of a trade, business, profession, or occupation" of the plaintiff. Sec. 102.07 (4),

Stats. None of those employees, with the exception of Klobucnik, were engaged in plaintiff's soft-drink business. He might, of course, have had some other trade, business, profession, or occupation, as to which he could have come automatically under the act, upon employing three or more persons in a common employment in such trade, business, profession, or occupation. *Pierce v. Industrial Comm.* 179 Wis. 189, 190 N. W. 80. However, the evidence does not establish that the plaintiff was ever engaged in any other trade, business, profession, or occupation than his soft-drink business. At various times during the two years preceding August, 1927, he was the owner of five houses, which he rented and caused to be cleaned and repaired. Klobucnik did some of that work. Some was performed by independent contractors. And for the repairing of one house, in August, 1926, he employed two painters, a plasterer, and a carpenter, all of whom he paid by the hour.

The occasional cleaning and repairing of his own houses did not constitute a trade, business, profession, or occupation of the plaintiff, and the casual or fugitive employment of three or four men for a few days, to do such repairing, did not constitute employment in the course of a trade, business, profession, or occupation of the plaintiff, within the contemplation or purview of the compensation act. Consequently, the plaintiff was not within the act, and was entitled to have the award to Klobucnik vacated and set aside in this action.

*By the Court.*—Judgment reversed, with directions to enter judgment setting aside the award of the Industrial Commission.

The following opinion was filed January 13, 1931:

Per Curiam. The issues presented on respondents' motion for a rehearing have been considered in connection with

the same issues in the case of *Vandervort v. Industrial Comm., post,* p. 362, 234 N. W. 492, in which counsel for respondents in this case also appeared and participated. The opinion filed today in the *Vandervort Case* fully disposes of those issues, and for the reasons stated in that opinion respondents' motion in this case is denied, without costs.