METZGER and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*March 13—June 22, 1931.*

For the appellants there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent Industrial Commission there were briefs by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general, and oral argument by *Mr. Levitan,* and by *Mr. J. E. Finnegan* of Milwaukee for the respondent Koefler.

The following opinion was filed April 7, 1931:

FRITZ, J. The award for compensation to be paid by plaintiffs, and which they seek to have vacated, was made to the widow of George Koefler, who was fatally injured on June 1, 1929. On that day and for about a year prior thereto, Koefler was in the employment of the plaintiff Metzger, who was engaged in business as a painting contractor, and in that business employed from three to fourteen men. Koefler's employment was to do painting and work incidental thereto in the usual course of Metzger's painting business. On June 1, 1929, Metzger directed his foreman, with the assistance of another of his employees, to haul some

furniture, after the usual daily working hours, on Metzger's truck from his city residence to a distant summer cottage, which he and his wife owned and desired to furnish and rent. Neither was engaged in the business of furnishing or renting such cottages. The foreman selected Koefler to assist him, and for that service Koefler was given credit at his usual rate of compensation on the regular pay-roll of Metzger's painting business. While returning on Metzger's truck from the cottage to his city garage, the accident occurred which caused Koefler's death.

It is true that, as appellants contend in their first assignment of error, there is no evidence "that Metzger ever became subject to the compensation act as to any business other than that of a painting contractor." It is also true that—as we understand appellants intend to contend in their second assignment of error—the work which Koefler was actually engaged in at the time of the accident was not such work as is usually performed in the regular course of the business of a painting contractor. However, under the compensation act, as applicable to the circumstances under which Koefler was working for Metzger at the time of the accident, it was not necessary, in order to render Metzger liable for compensation, that Metzger was subject to the compensation act as to any other business than that of a painting contractor; or that the work which Koefler was temporarily performing for Metzger was such work as was usually performed in the regular course of such a business. Under the existing circumstances, Koefler, at the time of his injury, was entitled to compensation under the coverage afforded by secs. 102.03 to 102.34, Stats., as Metzger's "employee," as that term is defined in sec. 102.07 (4), Stats. 1927, *unless* he was excluded from that status because of the provision in that statutory definition that the term "employee" does *not* include "any person whose employment is not in the usual course of the trade, business, profession, or oc-

cupation of his employers." It is indisputable that Koefler's employment by Metzger on and for some months prior to June 1, 1929, was in the usual course of Metzger's painting business. By reason of that employment the status of employer and employee existed between Metzger and Koefler at the time of the accident, when Koefler, for and at the request of Metzger, was performing service growing out of and incidental to Koefler's employment. The mere fact that the particular act which Metzger, during the course of and incidental to Koefler's employment, requested him to perform, was unusual, or not customarily required of employees in the painting business, did not result in terminating or suspending temporarily the existing status of Koefler as an employee of Metzger in the usual course of his painting business. In other words, on the point under consideration, the statutory definition only excludes those as to whom there does not exist, at the time of injury, employment in the usual course of business of the alleged employer. On the other hand, when such employment does exist, that statutory definition does not exclude an employee because the service which he is temporarily performing for his employer is not usually requested of employees in such employment. When such employment exists, it is sufficient that the service which such an employee is performing when injured grows out of and is incidental to his employment. Sec. 102.03 (2).

The facts in the case of *Charles Ploetz & Co. v. Industrial Comm.* 194 Wis. 603, 217 N. W. 325, differ from the facts in the case at bar in the crucial respect that in the *Ploetz Case* there existed no employment of the injured employee in the usual course of the trade, business, profession, or occupation of the employer. Although the employer had been conducting a business, there was no existing employment of the injured person in the usual course of that business. He sustained his injuries in the absence of any such existing employment, and while under hire solely to perform

a particular service which was foreign to the usual course of the employer's business. Likewise, the decisions in *Vandervort v. Industrial Comm.* 203 Wis. 362, 234 N. W. 492, and *Sturman v. Industrial Comm.* 203 Wis. 190, 232 N. W. 864, 234 N. W. 494, are not in point. In those cases the sole question was whether an employer who was not subject to the provisions of the compensation act (either because the character of his usual trade, business, profession, or occupation was such that it was not within the act, or because he did not employ at least three persons in his usual trade, business, profession, or occupation), nevertheless became subject to the act because on some single, isolated, or unusual occasion he stepped aside from his habitual vocation and employed three or more persons while temporarily engaged in a casual undertaking which might otherwise have been within the provisions of the act.

The casual or fugitive employment of three or more persons for a few days in some temporary undertaking which is wholly foreign to the usual trade, business, profession, or occupation of an employer, and as to which he is not otherwise subject to the compensation act, presents a situation which is materially different in point of fact and legal consequences from the situation in the case at bar, in which Metzger, because he was an employer within the act, and Koefler, because of his existing employment in the usual course of Metzger's painting business, were both subject to the provisions of the act at the time of injury.

On the other hand, in this case the right to compensation and the payment thereof by the insurer as well as the employer are not dependent upon the extension, by virtue of sec. 102.31 (1), Stats., of the coverage to an employee whose employment was in the usual course of some other business of the employer than the business which was specified in his contract for compensation insurance. That was necessary in *Northwestern Cas. & S. Co. v. Industrial Comm.* 197

Wis. 237, 221 N. W. 766, but in this case it suffices that that right exists against both appellants because both Metzger and Koefler were subject to the provisions of the act by reason of the existing employment of Koefler in the usual course of Metzger's business as a painting contractor, and Metzger's compensation insurance contract expressly described and covered that business.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 22, 1931.