INDREBO, Plaintiff and Respondent, vs. INDUSTRIAL COMMISSION, Defendant, PETERSON and another, Defendants and Appellants.

*May 9—November 9, 1932.*

For the appellants there were briefs by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent there were briefs by *Linderman, Ramsdell & King* of Eau Claire, and oral argument by *Bailey Ramsdell.*

The following opinion was filed June 20, 1932:

FOWLER, J. The claimant's husband was killed when an airplane crashed in which he and one Boland were riding. Peterson ran a garage, and the deceased, his brother-in-law, worked for him as salesman, mechanic, and at doing such other work as was required of him in furtherance of the employer's business. The airplane was owned by and at the time of the accident was being operated by Boland in furtherance of his own individual enterprise, the distributing of circulars giving notice of a "Booster Day" for the benefit and containing advertisements of the merchants and business men of Strum. Peterson had no interest in the plane or its earnings or in the receipts from the advertising. It was necessary for someone to go with Boland on the distributing trips to drop the circulars and it had been arranged that Peterson was to go on the first trip for this purpose. The day before the distribution of the circulars was to begin, Boland asked Peterson to work on a hangar he was building to house his plane, and Peterson told the deceased that he "was elected" to take the trip in his place. Peterson testified he was going because he "wanted to fly," and that the reason he

asked the deceased "to go up was because the other fellows had been up with" Boland and he "thought that if I (he) didn't ask Harry (deceased) to go up he would feel slighted, as he was just a little thin-skinned that way." When the time came for starting on the first distributing trip a Mr. Amundson wanted to go along to drop the bills, but Boland told him Peterson had asked the deceased if he wanted to go and if he didn't take him he might feel slighted, and told Amundson he would take the deceased on the first and him on the second trip. The plane fell and killed the deceased on the first trip. From these evidentiary facts and others the commission inferred that "the main purpose of the deceased" in taking the trip "was his desire to have a ride in the airplane, rather than in any way being incidental to his employment by Mr. Peterson as a garage owner," and it was their "opinion that at the time of the accident the deceased was not performing services incidental to his employment for Peterson," and dismissed the application.

The question involved is very narrow. Compensation can be awarded under the workmen's compensation act only "where, at the time of the injury, the employee is performing service growing out of and incidental to his employment." Sec. 102.03 (1) (b), Stats. The findings of fact made by the commission are conclusive. Sec. 102.23 (1). They cannot be disturbed unless entirely without support in the evidence. *Albion v. Industrial Comm.* 202 Wis. 15, 231 N. W. 249. A finding that the injury did not occur at a time when the employee was "performing service growing out of and incidental to his employment" is a finding of fact within these rules. *Barragar v. Industrial Comm.* 205 Wis. 550, 238 N. W. 368. The rule applies to inferences of fact drawn from the evidentiary facts, as well as to evidentiary facts. *Milwaukee Western Fuel Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Scott & Howe L. Co. v. Industrial*

*Comm.* 184 Wis. 276, 278, 199 N. W. 159. Under these rules it seems too plain for controversy from the facts stated that the finding of the commission that the deceased was not at the time of the accident "performing service growing out of and incidental to his employment" must be sustained.

The learned trial court was of opinion that the case of *Metzger v. Industrial Comm.* 205 Wis. 339, 235 N. W. 802, rules the case in favor of the claimant. To this it seems sufficient to say that the facts of the case are somewhat different, and every case must stand upon its own facts. In that case we upheld the commission's finding because it was not without support in the evidence, and in this case we uphold their findings for the same reason. Had the finding in this case been to the contrary, we would quite likely have been compelled to uphold it, but this we need not determine.

*By the Court.*—The judgment of the circuit court is reversed, with directions to reinstate the order of the commission.

A motion for a rehearing was denied, with $25 costs, on November 9, 1932.