CORNELIUS and others, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*December 11, 1942—January 12, 1943.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison and *F. J. Antoine* of Prairie du Chien, and oral argument by *Mr. R. J. Sutherland* and *Mr. Antoine.*

WICKHEM, J. The question in this case is whether Kimball was an employee of respondents, "in the course of a trade, business, profession or occupation" of plaintiffs. An affirmative answer was given to this question by the commission but the trial court was of a contrary opinion.

The facts are that William C., Arthur J., Mayme B., Joseph L., Mrs. Barbara Cornelius, and Louise E. Root were heirs of the Leonard Cornelius estate. They inherited seven pieces of property and for convenience in its ownership and management, adopted the name of the "Cornelius Company." Subsequently, four of the heirs, William C., Arthur J., and Mayme B. Cornelius, and Louise E. Root, purchased a building adjacent to some of this property. The purchase was to end a boundary dispute, and it was proposed to rent or resell the property as opportunity might appear. After acquiring the property in December, 1938, plaintiffs, calling themselves "W. Cornelius & Company," started in February, 1939, to tear down the building and rebuild it into apartments. Three or four employees were engaged in the wrecking, including Kimball. While so engaged, Kimball was struck by a piece of

wood, in the vicinity of his right eye, and claims that he sustained injuries resulting in total blindness, and on May 24, 1940, removal of the eye.

It is contended by the commission that it is a question of fact whether the four heirs heretofore named were engaged in "business" as that term is used in sec. 102.07 (4), Stats. Plaintiffs contend, and the trial court held, that as a matter of law these heirs were not engaged in business.

The ruling of the trial court was correct. There are no issues of fact in this case. We know precisely what was done; none of the inferences are conflicting. Plaintiffs purchased the property and handled it as owners in order to straighten out a boundary dispute affecting their inherited holdings. They proposed to make the property salable or rentable and for this purpose undertook the remodeling. This was an isolated, casual, desultory activity under the rule of *Vandervort v. Industrial Comm.* 203 Wis. 362, 234 N. W. 492. The *Vandervort Case* was a case of two farmers who took a contract to move a house for $500. One of the employees assisting with the house moving was injured. The court denied compensation. After stating that casual, isolated, and desultory activities undertaken from time to time are not included in the word "trade" or "profession," the court construes the term "trade" or "profession" as some particular occupation or employment habitually engaged in for livelihood or gain; to the ordinary vocation of the alleged employee, that branch of the world's activities where he expends his usual everyday efforts to gain a livelihood. See also *Sturman v. Industrial Comm.* 203 Wis. 190, 232 N. W. 864, 234 N. W. 494. Plaintiffs are not within this definition and the trial court correctly so held.

*By the Court.*—Judgment affirmed.

BARLOW, J., took no part.