E. L. MOODY and HARTFORD ACCIDENT & INDEMNITY COMPANY v. LOVETT W. BAXLEY and FLORIDA INDUSTRIAL COMMISSION.

28 So. (2nd) 325                              June Term, 1946
December 17, 1946                                 Division A

*Paul E. Speh,* for E. L. Moody and *Marks, Marks, Holt, Gray & Yates,* for Hartford Accident & Indemnity Company, appellants.

*R. H. Duncan* and *Raymond E. Barnes,* for appellees.

BUFORD, J.:

This is a suit under the Workmen's Compensation Act. The employer owned and operated a restaurant which was operated under the name of Humpty Dumpty. L. M. Moody, a brother of the employer, was employed as manager of the Humpty Dumpty Resturant. Baxley, the employee, and claimant, was employed by the employer as a cook at the restaurant, but, in addition to his work as cook, helped do the buying of the supplies for the restaurant and was a general helper. The employee's hours for work in the restaurant were from 8:00 o'clock in the morning until 4:00 o'clock in the afternoon, six days a week. He was not employed to work on Sundays. He was freqently called upon to work at other times and when he did so was paid over time for the additional hours he worked. Regardless of the work he did, he was paid from the restaurant funds.

The employer owned a farm which was located in Nassau County. At the time of the accident nothing was being produced at the farm to be used in the restaurant. On the particular day preceding the night on which the accident occurred the employer had instructed his brother, the manager, and Baxley, the employee, to go that night to the farm and install a lock on a door which had been broken into. On this trip the accident occurred and Baxley was seriously injured.

Baxley's regular time to get off from his work on that day was 4:00 P. M. but he continued working at the restaurant and helping at odd jobs and purchasing supplies for the restaurant until he left with the manager, at the direction of the employer, to go on the trip on which he was injured.

Baxley's pay was $35.00 per week, but if he worked more than eight hours a day he was paid for overtime.

Baxley filed claim for compensation under Chapter 440 Fla. Statutes 1941 (same F.S.A.) The Deputy Commissioner made an award in favor of the plaintiff. On appeal the award was affirmed by the full Commission and on appeal from that order to the Circuit Court the award was affirmed. Thereupon appeal was perfected to this Court.

The appellant contends that the employee did not sustain injury by accident arising out of and in the course of his employment.

We may say here that if the injury was compensable by the employer, the liability attaches to the carrier.

Section 440.38 Fla. Statutes 1941 (same F.S.A.), inter alia, provides:

"440.38. Security for Compensation.— (1) Every employer shall secure the payment of compensation under this chapter— (a) by insuring and keeping insured the payment of such compensation with any stock company or mutual company or association or exchange, authorized to do business in the State, or . . . ".

So, when a carrier assumes to insure the payment of compensation by the employer, it is bound to pay whatever may be lawfully adjudged against the employer. In cases of this sort the courts have not been in harmony as to the liability of the employer but, after studying the case, our conclusion is that the case of Metzger et al. v. Koefler, et al., 205 Wis. 339, 235 N.W. 802, comes nearer being in point with the case here under consideration than any other which has come to our attention, and we believe that the conclusion reached in that case was correct. In that case the facts appear to have been as follows:

"Koefler, the deceased employee, was employed by one Metzger as a painter in Metzger's business which was that of a painting contractor. Metzger directed his foreman to take some men and move furniture from Metzger's city home to his summer home. He directed the foreman to take the men and do this work after the regular working hours. The deceased employee was one of those selected by the foreman to assist in doing his work. While engaged in moving the furniture Koefler was injured and as a result died of said injuries. The accident took place after his regular working hours. Koefler was given credit at the usual rate of pay for work done in extra hours, or overtime.

In that case the Supreme Court of Wisconsin, after referring to contentions made by the appellants, said:

"However, under the Compensation Act, as applicable to the circumstances under which Koefler was working for Metzger at the time of the accident, it was not necessary, in order to render Metzger liable for compensation, that Metzger was

subject to the Compensation Act as to any other business than that of a painting contractor; or that the work which Koefler was temporarily performing for Metzger was such work as was usually performed in the regular course of such a business. Under the existing circumstances, Koefler, at the time of his injury, was entitled to compensation under the coverage afforded by Sections 102.03 to 102.35, Stats., as Metzger's 'employee' as that term is defined in section 102.07 (4) stats. 1927, unless he was excluded from that status because of the provision in that statutory definition that the term 'employee' does not include 'any person whose employment is not in the usual course of the trade, business, profession, or occupation of his employers.' It is indisputable that Koefler's employment by Metzger on and for some months prior to June 1, 1929, was in the usual course of Metzger's painting business. By reason of that employment, the status of employer and employee existed between Metzger and Koefler at the time of the accident, when Koefler for and at the request of Metzger was performing service growing out of and incidental to Koefler's employment. The mere fact that the particular act, which Metzer, during the course of and incidentally to Koefler's employment, requested him to perform, was unusual or not customarily required of employees in the painting business, did not result in terminating or suspending temporarily, the existing status of Koefler as an employee of Metzger in the usual course of his painting business. In other words, on the point under consideration, the statutory definition only excludes those as to whom there does not exist, at the time of injury, employment in the usual course of business of the alleged employer. On the other hand, when such employment does exist, that statutory definition does not exclude an employee because the service, which he is temporarily performing for his employer, is not usually requested of employees in such employment. When such employment exists, it is sufficient that the service, which such an employee is performing when injured, grows out of and is incidental to his employment."

See also Nugent Sand Company v. Hargesheimer, 254 Ky. 358, 71 S.W. (2nd) 647; Grieb v. Hammerle, 181 N. Y. App.

Div. 911, 118 N.E. 805; Petersen v. Corno Mills, 216 Iowa 894, 249 N.W. 408; Stakonis v. United Advertising Co. 110 Conn. 384, 148 Atl. 334.

As we read the record, the errand on which Baxley was engaged when the accident and injury occurred grew out of and was incidental to his employment by Moody. In fact, Mr. Moody testified at the trial that if Baxley had declined to go on that errand as directed he would have been discharged from his employment. By reason of his employment, Baxley and his employer assumed that the employer had the right to direct that Baxley perform this errand as a thing incidental to his emplyment by Moody, although it was not connected with the operation of the restaurant, which was the business enterprise in which Moody was engaged.

Our conclusion is that the claim falls within the purview of Chapter 440, supra.

So the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.