JONES, Associate Justice.
This is the second appearance of this case here. This Court has previously held that the appellant had sustained a com-pensable accident and resulting injury within the meaning of the law and was, therefore, entitled to the benefits of the Workmen’s Compensation Act, F.S.A. § 440.01 et seq. (See Lyng v. Rao, Fla., 72 So.2d 53.)
This claim arose under the statute requiring an appeal to the appropriate Circuit Court from the Florida Industrial Commission, and the mandate issuing-from the decision referred to was directed to the Ninth Judicial Circuit Court in Osceola County.
' Upon going down of the mandate the Circuit Judge entered' an order reversing in part and approving in part the original order of the Deputy Commissioner, which had denied to the appellant the benefits of the Act.
By cross assignment of error the appellee insurance company questioned the correctness of the action of the Circuit Judge in.making a finding in accordance with the mandate of this Court without first remanding the same to the Deputy Commissioner for the taking of additional evidence. The evidence on behalf of the claimant-appellant was submitted in full and the employer-carrier chose not to put on any evidence before the Deputy Commissioner. A reading of the previous opinion of this Court will show that there was nothing more to be done but to apply the law as stated therein to the facts placed into evidence and to grant to the appellant all of the benefits of the Act to which she was entitled. The cross assignments of error are, therefore, without merit.
Section 440.13(1) provides that: “The employer shall furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period, as the nature of the injury or the process of recovery may require * *
At the hearing the claimant testified that such remedial care and treatment was rendered to her and submitted into evidence a statement rendered for such service. At the time the statement was offered and before being received, the Deputy Commissioner inquired specifically of counsel for the carrier if he had any questions about the bill. To this counsel for the carrier stated: “I have no objection to this bill being admitted in evidence as the bill that *110 was sent there by the hospital.” If the carrier intended to contest the validity of the bill either in whole or in part that was its day and time in Court to do so.
With the evidence in this State on this point the Circuit Court in an attempt to comply with the mandate entered its order ■finding that:
“Dr. Rao and his hospital rendered medical and hospital services to claimant in the amount of $1,064.00 and has not been paid for the same. The claimant admits that she owes for the doctor and hospital expenses rendered as the result of her injuries and that demand has been made upon her for payment.
“However, inasmuch as the doctor-employer furnished the medical, hospital and doctor attention required of an employer under the Workmen’s Compensation Act, claimant, Elsie Lyng, is not indebted to the employer, Dr. John O. Rao, for medical and hospital attention and doctor’s care, and, therefore, is not entitled to be paid any monies with which to pay her employer for doctor and medical expenses. In this connection the Court does not make a determination of any equities involved between the employer and the carrier.”
This order specifically avoids passing on the responsibility of the carrier to the hospital and attending physician (simply by coincidence, also the employer). Nevertheless, it is inconceivable that any one could, as does counsel for the carrier, contend that the carrier could escape responsibility for the payment of such expenses simply because they were rendered by the employer.
Under the provision of the Act an employer may be a self-insurer or may secure the discharge of all responsibility by obtaining appropriate insurance coverage. This Court has previously held that where an insurance carrier of an employer assumes to insure payment of benefits ¡by the employer, the carrier is bound to pay whatever may be lawfully adjudged against the employer. Moody v. Baxley, 158 Fla. 357, 28 So.2d 325, 326. As stated therein “if the injury was compensable by the employer, the liability attaches to the carrier.”
The Circuit Court should have ordered the carrier to pay the bill rendered for the care and treatment of the claimant regardless of who rendered such services, provided such services were rendered in connection with the treatment and care of the injuries received in the accident, as they were proven to be in this case.
Reversed.
DREW, C. J., and TERRELL and THOMAS, JJ., concur.