NORDA, INC., Plaintiff-Respondent,

Elizabeth BURMASTER, in her official capacity as State Superintendent of Public Instruction, and Wisconsin Department of Public Instruction, Involuntary-Plaintiffs,

v.

WISCONSIN EDUCATIONAL APPROVAL BOARD, Defendant-Appellant.

*No. 2005AP2335. Submitted on briefs March 26, 2006. —Decided May 31, 2006.*

Court of Appeals

2006 WI App 125

(Also reported in 718 N.W.2d 236.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Peggy A. Lautenschlager*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Cari L. Westerhof* of *Ruder Ware, L. L. S.C.* of Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. The Wisconsin Educational Approval Board appeals a summary judgment holding Norda, Inc., is not subject to the Board's oversight. The circuit court determined Norda is not a school as defined in WIS. STAT. § 45.54(1)(e)[1] and alternatively held that Norda met exceptions in §§ 45.54(1)(e)6–7. The Board asserts the exceptions are inapplicable. Because we are not convinced Norda fulfills the statutory definition of a school, we affirm the judgment.

## Background

¶ 2. Norda is a Wisconsin corporation offering programs that lead to certification for teachers and other school personnel. For example, one of Norda's programs, "Project: Teaching!", is designed for individuals with a bachelor's degree in an area of study in which they wish to obtain a teaching license. Upon successful completion of the program, an individual is recommended to the Department of Public Instruction (DPI) for licensure.

¶ 3. Norda received conditional DPI approval for "Project: Teaching!" and a second program in May 2004 and, following on-site inspection by the DPI, received final approval in March 2005. This certification for Norda's programs is valid through October 1, 2007.

---

[1] WISCONSIN STAT. § 45.54 was repealed and recreated as WIS. STAT. § 39.90. *See* 2005 Wis. Act 22 §§ 90, 92. Section 39.90 was subsequently renumbered as WIS. STAT. § 38.50 by 2005 Wis. Act 25 §§ 735c-x. The parties cite § 39.90 in their briefs. However, because as of the date of release the 2005–06 Wisconsin Statutes had not yet been published in book form, we cite § 45.54, the last official version of the statutes available to us. All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 4.   In February 2004, the Board notified Norda that it was required to have Board approval, pursuant to Wis. Stat. § 45.54(2), to conduct business in Wisconsin. Norda contacted the DPI, which advised that, in its opinion, Norda was exempt from the Board's approval process under §§ 45.54(1)(e)6–7. In March 2005, the Board informed Norda it would initiate enforcement action if Norda failed to complete the approval process by April 8, 2005.

¶ 5.   In response, Norda filed this action, seeking a declaratory judgment that it was subject to the DPI's approval process only, and requesting an injunction to stop the Board from taking enforcement action against Norda. The court granted both the injunction and the declaratory judgment. The Board appeals.

## Discussion

¶ 6.   We review summary judgments de novo, using the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). The methodology is well established and we need not repeat it here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751. Statutory interpretation presents a question of law. *Hutson v. State of Wis. Personnel Comm'n*, 2003 WI 97, ¶ 31, 263 Wis. 2d 612, 665 N.W.2d 212.

¶ 7.   Wisconsin Stat. § 45.54(2) spells out the Board's responsibilities:   "The [B]oard is to protect the general public by inspecting and approving private trade, correspondence, business, and technical schools doing business within this state . . . ." The definitional section, § 45.54(1), helps delineate the scope of the Board's oversight. In relevant part:

(e) "School" means any private trade, correspondence, business, or technical school, but does not include any of the following:

. . . .

6. Schools, courses of instruction and training programs which are approved or licensed and supervised by other state agencies and boards.

7. Schools approved by the department of public instruction for the training of teachers.

The Board's main brief is dedicated to explaining why the exceptions in subdivisions 6 and 7 do not apply. However, we are simply not convinced that Norda meets the statutory definition of a school in § 45.54(1)(e).

¶ 8. It is obvious that Norda is neither a correspondence nor a business school, and the Board does not try to convince us that either of those terms apply. Whether Norda should be considered a trade or a technical school is more problematic. Trade and technical schools are not defined in Wis. Stat. § 45.54. Norda defends the circuit court's decision by asserting it is not a trade school, which Norda defines as "a secondary school teaching the skilled trades." Norda also claims it is not a technical school because "technical schools focus on practical knowledge."

¶ 9. The Board responds that because Norda teaches the practice and theory of a "particular occupation or employment habitually engaged in for livelihood or gain" it can be considered a trade school.[2] Teaching,

---

[2] The Board also asserts the more appropriate definition for trade school is "a school usu[ally] on the secondary level devoted esp[ecially] to teaching the practice and theory of the skilled trades." *See* Webster's Third New International Dictionary 2422 (unabr. 1993).

the Board asserts, allows people to earn a living. The Board also argues that Norda is a technical school based on the Wisconsin technical school system's objective of preparing students for "technical, paraprofessional, skilled or semiskilled occupation[s]." *See* Wis. Stat. § 38.001(2)(a). The Board contends teaching is a skilled occupation.

¶ 10. First, we note the Board's trade school definition is borrowed from a definition of "trade" in *Cornelius v. Industrial Comm'n*, 242 Wis. 183, 185, 7 N.W.2d 596 (1943). But *Cornelius* was concerned with determining whether an injured individual had been engaged in some sort of business activity as defined in the worker's compensation statute, as opposed to "casual, isolated and desultory activities" that are not affiliated with a trade or profession. Thus, the court was not greatly concerned with a precise definition of trade and the Board's reliance on *Cornelius* is unpersuasive. Moreover, one of the dictionary definitions for "trade" is "an occupation requiring manual or mechanical skill and training." Webster's Third New International Dictionary 2421 (unabr. 1993). This definition appears to best comport with what the legislature intended by the term "trade school" in the overall context of Wis. Stat. § 45.54.

■

¶ 11. The Board's reliance on Wis. Stat. § 38.001 to define Norda as a technical school is also unavailing. One of the technical college system's principal purposes is to "enable residents to obtain the knowledge and skills necessary for employment at a technical, paraprofessional, skilled or semiskilled occupation." Wis. Stat. § 38.001(2)(a). However, this preparation is provided by "education through associate degree programs and other programs *below the baccalaureate level*." Wis.

STAT. § 38.001(1) (emphasis added). As the Board itself notes, Norda's "exclusive purpose is to provide training to people who already have bachelor[']s degrees." Thus, Norda does not provide technical training as envisaged by § 38.001.

¶ 12.   The larger concern we have with the Board's interpretations of both trade and technical schools is that its interpretations are so broad as to render meaningless the legislative enumeration of the types of institutions that are considered schools under WIS. STAT. § 45.54(1)(e). We are to avoid interpretations that render parts of statutes meaningless. *See Liles v. Employers Mut. Ins.*, 126 Wis. 2d 492, 503, 377 N.W.2d 214 (Ct. App. 1985). We thus decline to adopt the Board's interpretations. We conclude that Norda is not subject to the Board's supervision under § 45.54.

¶ 13.   Alternatively, even if we concluded Norda is a school, we would conclude the exception in WIS. STAT. § 45.54(1)(e)7 applies, since the DPI has approved Norda's training program. That subdivision excludes from the Board's supervision "[s]chools approved by the department of public instruction for the training of teachers." The Board makes much of the fact that only the program, not the institution itself, has been approved, and it makes this argument based primarily on its assertion that the DPI has no authority to approve schools.

¶ 14.   But WIS. STAT. § 45.54(1)(e)7 is at least an implicit grant of authority to the DPI to approve schools; otherwise, the exception is meaningless and surplusage. *See Liles*, 126 Wis. 2d at 503. Also, because we presume the legislature does not add extraneous information to

693

statutes, *see Stephenson v. Universal Metrics, Inc.*, 2002 WI 30, ¶ 32, 251 Wis. 2d 171, 641 N.W.2d 158, we should also presume the legislature does not keep extraneous information when it is revising statutes. Under the Board's interpretation, § 45.54(1)(e)7 has no current application, even though the legislature revisited it in 2005.

*By the Court.*—Judgment affirmed.