MURPHY *v.* GENESEE COUNTY ROAD COMMISSION.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PARTIAL DEPENDENCY—TOTAL DEPENDENCY.

In case of partial dependency of mother on son accidentally killed, award under workmen's compensation act is measured by amount of loss, which is determined by proof of amount contributed, and consideration may be given to value of board and room furnished son, even though provided out of help extended by him; but in case of total dependency, such matters may not be considered for purpose of reducing character of dependency.

2. SAME—PRESUMPTIONS.

That married son, living with his mother and brother upon whom mother was totally dependent, alternated every two weeks with brother in purchasing groceries to certain amount, is no reason for holding that mother was only partially dependent on other son, since it may be assumed that married son and his wife and child consumed as much of groceries as mother and other son.

As to who are dependents within meaning of workmen's compensation acts, see annotation in L. R. A. 1916A, 121, 248; L. R. A. 1917D, 80; L. R. A. 1918F, 483; 13 A. L. R. 639; 30 A. L. R. 1258; 35 A. L. R. 1070; 39 A. L. R. 314; 53 A. L. R. 218.

3. SAME—LACK OF PROOF—PRESUMPTIONS.

Mother may not be held partial dependent rather than total dependent on son by reason of fact that she owned cow and 50 chickens and sold surplus cream and eggs, in absence of proof of amount so sold, but it may be assumed that amount was small.

4. SAME—MOTHER SOLE DEPENDENT ENTITLED TO FULL DEATH BENEFIT ALTHOUGH NOT WHOLLY DEPENDENT.

Mother, as sole dependent of unmarried son accidentally killed, was entitled to full death benefit under workmen's compensation act, although she was not wholly dependent upon him.

Certiorari to Department of Labor and Industry. Submitted April 11, 1930. (Docket No. 90, Calendar No. 34,720.)   Decided June 2, 1930.

Mary A. Murphy presented her claim for compensation against the Genesee County Road Commission and American Employers' Insurance Company, insurer, for the accidental death of her son, Albert Lawrence Murphy, as a total dependent. From an award of maximum weekly benefit, defendants bring certiorari.   Affirmed.

*Kerr, Lacey & Scroggie,* for plaintiff.

*G. Wilson Gloster,* for defendants.

WIEST, C. J.   This is review, by certiorari, of a maximum weekly death benefit award under the workmen's compensation law (2 Comp. Laws 1915, § 5423 *et seq.*) to a mother as total dependent of her unmarried son.

The mother, a widow, owned an unproductive farm of 50 acres, upon which she resided with the deceased and another son with wife and child.   The mother had no financial means, the married son ex-

tended no assistance, and she was wholly dependent upon the deceased, and he provided her with clothing, food, household necessities, money for taxes, repair of buildings, help in plowing and harvesting, and for pew rent and church incidentals. The point is made that the mother was but partially dependent, and the deceased should be charged for his room and board. In case of partial dependency, the award is measured by the amount of the loss, and the loss is determined by proof of the amount contributed. See *Moll* v. *City Bakery,* 199 Mich. 670. In partial dependency, consideration may be given to the value of board and room furnished the son, even though provided out of help extended by the son, for such bears a true relation to the amount of the loss, in that the mother could not lose what the son so received. But in case of a mother wholly dependent upon, and the sole dependent of, a son, such matter may not be considered for the purpose of reducing the character of dependency.

Upon the question of the dependency of the mother, it was brought out in the evidence that the mother owned one cow and about 50 chickens and sold some cream and eggs, and that the married son, living at home with his wife and child, alternated every two weeks with the deceased in purchasing groceries to the amount of $10. We find nothing in this to call for a holding of partial dependency of the mother. We may reasonably assume that the married son and wife and child consumed as much of the groceries as the mother and the other son. We are not informed of the amount of money received from cream furnished by the one family cow, or the groceries procured from surplus eggs from 50 chickens, and, in the absence of proof, entertain the view that the amount was small.

The commission was justified in finding total dependency of the mother. The mother was not only wholly dependent upon the deceased, but was his sole dependent, and, as such, entitled to the full death benefit. The award is affirmed, with costs to plaintiff.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.