26348.   OCEAN ACCIDENT AND GUARANTEE CORPORATION *v.* JONES.

DECIDED DECEMBER 4, 1937.

John M. Slaton, James J. Slaton, for plaintiffs in error.

Leon W. Harris, William P. Whelchel, contra.

MacINTYRE, J. J. N. Jones, the father, was awarded compensation by the industrial board, because of the death of his son, Jack Jones, injured in line of work. This award was affirmed by the superior court. The contention is made by the insurer that there was no evidence supporting a finding that J. N. Jones was wholly dependent upon the deceased son, and for that reason the award should be set aside with instruction to the board that they determine the extent of the dependency. The evidence shows that the father was an old man, and on account of an incurable disease was unable to work and support himself or family; that the son, who had reached his majority, was unmarried; and that there was one minor daughter about sixteen years old, a sister of the employee. The father testified, that he was wholly dependent upon the employee, Jack Jones, and that Jack gave him money in varying amounts from two to five dollars at irregular intervals; that out of this money he purchased his clothing, and used some of it for other necessary incidental expenses of living; that his son Jack paid his doctor's and medical bills when he was sick; that he (the father) lived with one of his other children part of the time and still another child the other part of the time; and that, so far as he knew, his son Jack had never paid either of these children with whom he lived any money for his board, nor had he paid them anything for his board out of the money that his son Jack gave to him. The two children with whom the father resided testified, that they gave him his board; that their brother Jack furnished him all the money with which he bought clothing and all the other necessary living incidentals; that on several occasions he visited his son Jack, and Jack paid all of the expenses of his visits including his board; and that when the father went from the home of one of his children to the home of another, Jack paid the transportation. One of the children who gave the father board testified that "Jack would give her a little money to help out, no big amount." There was testimony that the minor sixteen-year-old sister of the employee was given her board by her sister, Mrs. Barrett, with whom she lived in South Carolina, and that the employee, Jack Jones, fur-

nished this minor sister with the money to buy books and clothing and whatever other necessary living incidentals she purchased.

The first question that arises in this case is whether there was evidence to support the finding that the father was totally dependent upon the deceased son. The rule laid down in the Code for the question of dependency where the dependent is the father, is set forth in section 114-414, as follows: "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts at the time of the accident, but no allowance shall be made for any payment made in lieu of board or lodging or services." In Bloomington-Bedford Stone Co. *v.* Phillips, 65 Ind. App. 189 (116 N. E. 852), it was said: "Total dependency exists where the dependent subsists entirely on the earnings of the workman; but in applying this rule courts have not deprived claimants of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others, or on account of occasional financial assistance received from other sources, or on account of other minor considerations or benefits which do not substantially modify or change the general rule as above stated." "A widowed mother without means who is supported by her son, partly by the wages of his employment and partly by the yield of his land, is wholly dependent upon her son for support, within the meaning of the Minnesota compensation act. To constitute total dependency, within the meaning of the act, it is not necessary that the dependent be supported wholly out of the wages of the employee's employment. . . Mere gratuitous remittances by an aunt and a sister are not sufficient to prevent an award for total dependency of a mother and sister, otherwise wholly dependent upon the deceased." 2 Schneider's Workmen's Compensation Law (2d ed), 1246, § 372. Applying these rules to the case at bar, where the evidence tended to show that the father was totally dependent upon some one, and that the support given to him by the deceased son, the employee, was not a gratuity, but in recognition of a moral obligation to support, and where the testimony of the father and the two other children who gave him board tended to show that the father in fact depended upon the deceased son, the employee, for his support, and that the board given to their father by these two other children was merely a gratuitous contribution, and otherwise the father was wholly dependent upon the

deceased son; in other words, where the evidence tended to show that the father was wholly dependent upon the employee, but that two other children gratuitously contributed board to their father, we can not say that these gratuitous contributions of board prevent an award of total dependency.

The record discloses that this case was pending before the Department of Industrial Relations, and that the parties were negotiating to arrive at settling the dispute, having regard to the uncertainties of the facts or the law and the facts together, and that the admissions made in the paper tendered in evidence were made with a view of compromise. "Admissions or propositions made with a view to a compromise, are not proper evidence." Code, § 38-408. The refusal to allow this paper to be introduced was not error. *Teasley* v. *Bradley,* 110 *Ga.* 497, 507 (35 S. E. 782, 78 Am. St. R. 113) ; *Cooper* v. *Jones,* 79 *Ga.* 379, 381 (4 S. E. 916). See Black's Law Dictionary for definition of "compromise."

*Judgment affirmed. Broyles, C. J. and Guerry, J., concur.*