No. 33,581

WELLS BRINEY and KATIE BRINEY, *Appellees*, v. THE HOPPER CONSTRUCTION COMPANY and THE WESTERN CASUALTY AND SURETY COMPANY, *Appellants.*

(73 P. 2d 1110)

Opinion filed December 11, 1937.

*R. L. Hamilton,* of Beloit, for the appellants.
*Ralph H. Noah,* of Beloit, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding under the workmen's compensation act.

At the hearing before the compensation commissioner the finding was that the mother was fifty percent dependent on the deceased workman. The mother appealed to the district court, which found she was wholly dependent. The only question presented on the

appeal to this court by the respondent and insurance carrier is whether the finding of the district court is supported by the evidence.

At the hearing before the commissioner it was shown the deceased workman was a single man and lived part of the time with his parents, and part of the time while employed he lived in Beloit, but was home week ends. By reason of respondent's objection, the father was not permitted to testify concerning his own earnings, but he did testify his deceased son bought groceries and clothing for his mother and gave her money. The mother testified that her husband lived on a certain farm and did chores and—

"In the winter he gets $25 and in the busy months he gets $30, and in harvest he gets harvest wages."

No effort was made to show whether or not the father used his wages for his own support and maintenance or what became of them, or stated another way, there was no showing that any part of the husband's earnings was used for the wife's support. The mother, after testifying her son helped them, gave them money and got their groceries, and that she thought this happened about once a week, was asked:

"Q. Now, did you have any support yourself, personally, other than what he gave you? A. No, sir."

In answer to a question by the commissioner as to how much money the son gave her, she said "ten or fifteen dollars a month" and that he bought her dresses and groceries.

Appellant directs our attention to *Taylor v. Sulzberger & Sons Co.*, 98 Kan. 169, 157 Pac. 435, wherein it was held that a married adult son living apart from his mother is not a member of the family, and *Smith v. Sash & Door Co.*, 96 Kan. 816, 153 Pac. 533, and *Michael v. Jacob Dold Packing Co.*, 120 Kan. 684, 244 Pac. 1050, dealing with partial and total dependency, and argues that the mother could not under the circumstances be wholly dependant on the deceased son. It may be true that certain inferences might be drawn from the evidence that the father contributed to his wife's support at least to the extent he furnished her a place to live, as it might be inferred the father consumed a part of the groceries furnished by the son. But are we warranted in drawing such an inference when the record is silent? Or are we, in such a proceeding as this, limited to determining whether the trial court's finding has support in the evidence? In *Leamos v. Wilson & Co.*, 136 Kan. 613, 616, 16 P. 2d 490, it was said:

"The rule is established by statute (R. S. 1931 Supp. 44-556) and the decisions of this court that the responsibility of determining the facts rests in the trial court, and this court is bound thereby, if there is any evidence from which a reasonable inference may be drawn to sustain the findings of the trial court. (*Shay v. Hill*, 133 Kan. 157, 299 Pac. 263; *Paul v. Skelly Oil Co.*, 134 Kan. 636, 7 P. 2d 73.) Under the rule thus established we are bound to accept as true the testimony most favorable to the appellee, and, if from this testimony a reasonable inference may be drawn which will sustain the findings of the trial court, it is the end of our jurisdiction."

(See, also, *Suttle v. Marble Produce Co.*, 140 Kan. 13, 34 P. 2d 116; *Butler v. White Eagle Oil Ref. Co.*, 140 Kan. 202, 34 P. 2d 120; *Vigola v. Labor Exchange Coal Co.*, 145 Kan. 889, 67 P. 2d 421.)

Under the rule, as above laid down, we cannot draw inferences from the evidence that, in a sense, supply a defect in proof, and on the basis of such inference, overturn the finding of the district court.

We cannot say the finding of the district court is not sustained by the evidence, and its judgment is affirmed.