14635

PHILLIPS v. DIXIE STORES, INC., *ET AL.*

(195 S. E., 646)

*Mr. William Elliott, Jr.,* for appellants,

*Messrs. Williams & Henry* and *H. D. Hawkins,* for respondents,

March 8, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Carl A. Phillips was employed by Dixie Stores, Inc. Among the duties of his employment was that of driving trucks, and of delivering freight therefrom. March 10, 1936, he drove a truck laden with potatoes from Greenville, S. C., to Lenoir, N. C. Each sack of potatoes weighed from 150 to 200 pounds. While unloading the potatoes, with a bag of them on his shoulder, he stepped on the tailgate of the truck, which had been let down and which was held up by chains. These broke, or came loose, and he fell to the ground, some four or five feet; he fell on his back, his head and shoulders

striking the ground. He drove back to Greenville that evening and drove a truck next day to Spruce Pine, N. C.

We will not follow the details of his injury, medical treatment, etc., since the determination of this appeal does not turn on them. He and his employer entered into an agreement of compensation at the rate of $9.00 per week for temporary total disability during the extent of plaintiff's disability, also, all his hospital, medical, and doctor's bills to be paid by the employer; at the end of the temporary total disability period, the case to be opened to consider the question of specific loss of arm; cost of the hearing to be paid by defendant.

Under this agreement, compensation was paid at the rate of $9.00 per week from March 10, 1936, to July 27, 1936 The employer then took the position that while such agreement had been entered into and compensation paid in accordance therewith, in the light of additional information such agreement was erroneously made. The employee was silent before Commissioner Hyatt as to this agreement.

Thereupon, Commissioner Hyatt, as hearing commissioner, took the testimony and on October 2, 1936, made and filed an award, with findings of fact. The award follows: "It is hereby ordered that the defendant pay to the plaintiff compensation at the rate of Nine Dollars ($9.00) per week for temporary total disability during the extent of plaintiff's disability, also, all hospital, medical and doctor bills incurred. At the end of temporary total disability period this case will be opened to consider the question of specific loss of arm. Cost of this hearing to be paid by defendant."

From this award of the hearing Commissioner the defendants appealed to the full Industrial Commission, under the provisions of Section 59 of the South Carolina Workmen's Compensation Act, approved the 17th day of July, 1935, 39 St. at Large, p. 1259, for a reconsideration of the evidence and an amendment of the award. This appeal was heard by the full Industrial Commission on October 26, 1936, which Commission rendered its opinion December

14, 1936, by which it set aside the award of the hearing Commissioner, and ordered that compensation be paid the claimant at the weekly compensable rate of $9.00 for temporary total disability from and inclusive of March 12, 1936, to and exclusive of July 27, 1936, and that the defendant shall pay all medical and doctor bills for such period.

From this opinion, the plaintiff appealed to the Court of Common Pleas. The appeal was heard by his Honor, Judge Dennis, who, in due time, filed a decree reversing the award of the Commission.

From this decree, defendants appeal to this Court.

Judge Dennis, in his decree, said: "The principal question involved is whether the full Commission erred as a matter of law in its decision."

Further, he stated: "The full Commission found that there was no permanent injury sustained as a result of the accident of March 10, 1936, and that the paralysis or abnormal condition of claimant's arm, if any, was not proximated by the accident."

Further, he states: "An award of the commission shall be conclusive and binding as to all questions of fact, but either party may appeal to the Court of Common Pleas for errors of law. Did the commission, therefore, err as a matter of law? *It is the province of this Court to analyze the facts in order to apply the law and thus to ascertain whether the conclusions of the commission have adequate support in the evidence.*" (Italics added.)

Herein lies the fundamental error of the distinguished Circuit Judge. By his own statement, he is making himself a participant with the Commission in determining "whether the conclusions of the Commission have *adequate support in the evidence.*" (Italics ours.) This is just what he is forbidden to do. If there were absolutely no evidence in support of the findings of fact by the Commission, we might say that the question thus becomes a question of law. But whether there is a sufficiency of evidence is

strictly a matter of fact, and the findings of the Commission thereabout are final.

The Circuit decree enters into an analysis of the evidence to determine if there is evidence to sustain the findings of the Commission upon the question whether the claimant's arm is paralyzed. He pays little attention to the question of fact, as found by the Commission; that if there be any paralysis of the arm, it is not the proximate result of the accident of March 10, 1936. The Circuit Judge states: "It appears from the record that the claimant is suffering from paralysis of the right arm. Its permanent uselessness is not denied."

This is a plain substitution of a finding of fact by the Circuit Judge for the finding of fact by the Commission, which is as follows: "It is found as a fact that no permanent injuries were sustained as a result of the accident and that the paralysis and/or abnormal condition of the claimant's right arm, if any, was not proximated by the accident."

His Honor is clearly in error when he says: "Its permanent uselessness is not denied."

The language of the finding of the Commission itself suggests a doubt of the permanent uselessness of claimant's right arm.

The Commission further found from the evidence that:

" * * * It was demonstrated that the majority of the medical witnesses were of the opinion that this (the paralysis) was due to non use and the carrying of the arm in a suspended position.

"The majority of the Commission was impressed with the fact that none of the physicians demonstrated any external injury or objective symptoms of injury that as a probability might have resulted in organic functional loss of use of the arm.

" * * * It was pointed out by forceful medical testimony that no evidence of any such injury was found at any time during the course of treatment, observation, examination and x-ray analysis."

We do not see, in the face of these findings of fact, and of the evidence, how it is possible for the Circuit Judge to say, as if it were a proved or conceded fact, that the claimant's arm is paralyzed, and that its uselessness is not denied.

The circuit decree concedes that the award of the full Commission cannot be disturbed except for errors of law. From a close consideration of the language of the decree, the only ground of law upon which the award is proposed to be disturbed is that the Commission failed to give the claimant the benefit of inferences arising in his favor. The cases cited by the decree from other jurisdictions fail to show that Workmen's Compensation Acts in those jurisdictions make the findings of fact by the Commission final and nonappealable on grounds arising under the facts.

We are bound by the Act of this State in these particulars.

It seems to us that the position of the circuit decree is illogical. It concedes that the award may not be reversed except for errors of law, and then proceeds to argue that it was error of law not to give the plaintiff the benefit of inferences in his favor, which might have been made *from the evidence,* that is to say, arising out of the facts. But it fails to point out a single instance of such failure on the part of the Commission. The record contains the full award by the Commission. An inspection of it will demonstrate that it gave a thorough and comprehensive review and determination of the evidence.

No showing is made, beyond the assertion that the Commission did not give to the plaintiff the benefit of every inference that might be drawn from the evidence.

The case of *Murdaugh v. Robert Lee Construction Company and The American Mutual Liability Insurance Company, Carrier,* 194 S. E., 447, 449, was filed in this Court, December 17, 1937. It throws much light on the issues involved in this appeal, especially upon the cardinal question of the finality of the findings of fact by the full Industrial Commission. In that case, as in this, the Circuit Judge took the position that: "The award or decision below is conclu-

sive and binding as to all questions of fact. But the denial of compensation by the entire Commission was based upon an erroneous conclusion of law."

The alleged error of law upon which the Circuit Judge relied was that the Commission erred as a matter of law in holding that the law did not permit compensation for bodily disfigurement of the nature and character sustained by the appellant.

The plaintiff in that case had received a compound fracture of the leg which shortened it. The Act provides for compensation for bodily disfigurement. The Commission found as a fact that there was no serious disfigurement as contemplated under Section 31 of the Compensation Act, 39 St. at Large, p. 1247.

This Court, on appeal from the circuit decree, held: "It was finding as a physical fact that the claimant had suffered no serious bodily disfigurement, which they, in the exercise of their judgment under the discretion vested in them by the Act, considered to be of that serious nature which entitled him to an award for 'serious bodily disfigurement'."

The judgment of the Circuit Court was reversed, and the award of the full Commission was, reinstated.

So, in this case, when the Commission found as a fact that the claimant had not suffered the loss of the use of his arm as a result of the accident of 1936, it was a finding of fact that he was not, therefore, entitled to any compensation for permanent disability as claimed by him.

It will scarcely be denied that when the General Assembly enacted the law known as the South Carolina Workmen's Compensation Act, 39 St. at Large, p. 1231, et seq., it had in view the protection and welfare of working men. It saw fit to give to the Industrial Commission, provided for by the Act, plenary power to pass upon claims for compensation, and the power to make final determination of all questions of fact. The right to disturb such findings of fact is specifically denied the Courts. If it is deemed advis-

able to take this power from the Commission, it can only be done by the lawmaking body; this Court cannot do it.

The judgment of this Court is that the decree of the Circuit Judge, appealed from, is reversed, and the award of the full Industrial Commission is reinstated as made.

MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.