### HARDY v. RAPIDES PARISH SCHOOL BOARD.

### No. 6156.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

A. V. Hundley and Ben F. Thompson, Jr., both of Alexandria, for appellant.

Lee Caplan, of Alexandria, for appellee.

HAMITER, Judge.

Charles Hardy, an unmarried colored person, was severely injured in a motor vehicular accident on October 18, 1937, while engaged in the scope and course of his employment with the Rapides Parish School Board. His death, resulting from the sustained injuries, occurred on December 2, 1937.

William Hardy, the father and sole surviving parent of decedent, seeks in this suit the recovery of benefits under the provisions of the Louisiana Employers' Liability Act, Act No. 20 of 1914; and asserts that he was actually and wholly dependent upon the son's earnings for support at the time of the accident and death. The named employer is impleaded as defendant.

The district court, after a trial of the merits of the case, rendered judgment in accordance with the prayer of plaintiff's petition; and the defendant appealed.

Subsequent to the lodging of the appeal here, exceptions of no cause and no right of action were filed by defendant.

The brief of appellant's counsel respecting the merits of the case, which we quote in full, deals with and raises only one issue. It reads:

"Reserving all rights unto the exception herein filed we submit that even though exception be denied there is no dependency on the deceased son shown by the testimony herein. Particular reference is made to plaintiff's admission at Page 12 of the testimony to the effect that he had two (2) sons, each of whom had been in a CCC Camp at different times, the first son having sent Twenty-seven and no/100 ($27.00) Dollars per month and the second having sent Twenty-five and no/100 ($25.00) Dollars per month home up to within a month before the injury to plaintiff's son.

"We respectfully submit that the judgment of the lower court is in error and that the plaintiff's demands should have been dismissed at his costs as prayed for."

The compensation statute of this State, § 8, subd. 2, as amended by Act No. 242 of 1928, p. 358, provides that, "For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of three hundred weeks." The question of whether or not a parent is wholly and actually dependent on the employee is, under the provisions of the act, "determined in accordance with the facts as they may be at the time of the accident and death"; and if a state of dependency of that degree is found to exist, such parent is entitled to receive $32\frac{1}{2}$ per centum of the wages of the decedent.

Plaintiff and numerous other witnesses produced by him gave testimony relating to the mentioned issue. No proof whatever was offered by defendant. The adduced evidence, according to our appreciation of it, discloses that when the case was tried and continuously for a number of years prior thereto, including the date of the accident, plaintiff was totally disabled to perform work of any character. This disability was caused by certain maladies with which he was afflicted, consisting primarily of bronchial asthma and pleurisy and chronic miocarditis. The age attained was 60 years.

Plaintiff's children numbered five. Their names, together with their ages when the accident happened, are listed as Ruby, 15; Beatrice, 17; Nathaniel, 21; Joe, 23; and Charles, the decedent, 25. All of them except Joe shared a dwelling with the father. The excepted one was a rover, and seldom spent the night at such home. The deceased son worked regularly and furnished all of the funds used for the payment of the house rent, the purchasing of groceries for the entire family, and the obtaining of clothing and medicine required by the father. The remaining children made no contributions towards the parent's sustenance.

It is true, as appellant's counsel point out, that Nathaniel and Joe, at different times and for a number of months, attended a CCC camp; and their monthly checks were sent to plaintiff. The uncontradicted testi-

mony of plaintiff, however, is that at no time did he obtain and use any of the proceeds of the checks, the sons having required the delivery of all of the money to them.

The adduced evidence, we think, sustains the trial court's finding that plaintiff was actually and wholly dependent on decedent within the contemplation and intendment of the compensation statute.

The exceptions of no cause and no right of action filed by defendant in this court, which must be considered in connection with the entire record, are without merit. It does not appear that plaintiff's condition of dependency has diminished to any extent since the accident.

The judgment is affirmed.