No. 34,880

CLARA JOHNSON, Widow of Jim Johnson, *Appellant,* v. J. H. VOSS and BASS VERHAGE, as VOSS & VERHAGE GRAIN & IMPLEMENT COMPANY, *Appellees.*

(106 P. 2d 648)

Opinion filed November 9, 1940.

*T. D. Relihan, A. W. Relihan,* both of Smith Center, and *Karl R. Ahlborn, Jr.,* of Fort Lupton, Colo., for the appellant.

*H. McCaslin,* of Osborne, *Charles L. Hunt* and *Frank C. Baldwin,* both of Concordia, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment setting aside an award of compensation to the widow of an employee of the respondents who operated a grain elevator and dealt in farm machinery at Downs.

While employed by respondents in building an addition to their elevator to enlarge its storage capacity the claimant's husband fell from a scaffold and allegedly sustained injuries from which he died some four months afterwards.

At the hearing before the compensation commissioner, the chief questions at issue were whether the workman's fall from the scaffold caused injuries which culminated in his death and whether the workmen's compensation act had anything to do with the case.

The compensation commissioner found all the controverted issues of law and fact in favor of the claimant, but on a review of the record the district court held otherwise. Its pertinent finding reads:

"At the time of the alleged accident complained of in said action or proceeding, alleged by the claimant to have contributed to the injury and death of her former husband, James Johnson, the respondents, who were the employers of said James Johnson, deceased, at the time, were not engaged in the trade or business of building or engineering work, nor were such respondents at such time engaged in operating a factory, or more particularly a grain elevator, in which factory or grain elevator five or more men were continuously employed for a period of thirty days just previous to, or at any time prior to, the date of the alleged accident and injury allegedly resulting therefrom."

On this finding the trial court concluded that—

"At the time of such alleged accident and injury, the respondents did not come within the workmen's compensation act of the state of Kansas, and therefore are not liable to the claimant for the payment of any compensation whatsoever by reason of such alleged accident and injury allegedly resulting in the death of said James Johnson."

Judgment was rendered accordingly. Hence this appeal.

It is argued on behalf of claimant that the work in which respondents were engaged at the time Johnson fell from the scaffold was "building work" within the meaning of the compensation statute. We must hold otherwise. Clearly the respondents' business was running a country elevator and selling farm implements. The building of a storage annex to their elevator was merely incidental to their main business. In the recent case of *Raynes v. Riss & Co.*, 152 Kan. 383, 103 P. 2d 818, the appellants operated a fleet of trucks as a common carrier. Their business needs required that their premises be enlarged and remodeled and claimant was employed in the work. While so engaged he fell from a scaffold and sustained injuries for which he claimed compensation. This was resisted by appellants on the ground that claimant was *not* an employee of respondents in their business of operating a truck line. But the trial

court and this court held the remodeling of respondents' building was incidental to their truck-line business, and consequently the relationship of respondents to their injured employee was governed by the terms of the compensation act which indubitably did apply to cases of injuries to employees of common carriers operating trucks.

In *Diviney v. J. H. France Fire Brick Co.*, 140 Pa. Super. 97, 13 Atl. 2d 109, the defendant company was engaged in manufacturing and selling fire brick. It acquired an old brick plant which included some buildings, and employed the claimant, a carpenter, to repair them preparatory to their use in its regular business. While so engaged claimant fell from the roof of one of those buildings and was injured. The compensation referee and the trial court held that the work in which claimant was engaged was not his employer's regular business, and denied compensation. But the reviewing court held otherwise—that repairing of the buildings was incidental to the company's regular business of manufacturing and selling fire brick, and in consequence claimant's right to compensation was within those features of the statute pertaining to that business.

In *Caca v. Woodruff*, 70 Ind. App. 93, 123 N. E. 120, a carpenter was injured while employed in making additions and repairs on a mill. Compensation was resisted on the ground that the employment was casual and not in the usual course of his employer's milling business. But the supreme court affirmed a judgment awarding compensation, holding that—

"Since additions and repairs to buildings and machinery are necessary to the proper conduct of the milling business, the constructing and making of such additions and repairs is employment 'in the usual course of the employer's business' within the meaning of . . . the workmen's compensation act. . . ." (Syl. ¶ 2.)

Other recent cases to the same effect are *Sturman v. Industrial Comm.*, 203 Wis. 190, 232 N. W. 864; *Vandervort v. Industrial Comm.*, 203 Wis. 362, 234 N. W. 492; *Continental Casualty Co. v. Haynie*, 182 Ga. 608, 186 S. E. 683.

These cases make it clear that at the time of the alleged injuries of claimant's husband, his employment was a germane and pertinent incident to the grain-elevator business of his employers, and claimant's right to compensation was governed by those features of the compensation act pertaining thereto.

The statute provides that certain kinds of business fall within the compensation act because of their hazardous character and

irrespective of the number of workmen employed. The statute also declares that certain kinds of employment shall be governed by the act where "five or more workmen have been employed . . . for more than one month at the time of the accident." (G. S. 1935, 44-507.) Among the latter specified employments is a "factory," and that term is declared by the statute to include a "grain elevator." (G. S. 1935, 44-508 [b].) And so, if the claimant's husband had been one of five or more workmen employed by the respondents for more than one month at the time of the accident, the compensation act would cover the case like a blanket. But unfortunately the record evidence to which the trial court gave credence was insufficient to prove that the respondents had five or more workmen in their employment at the time of Johnson's alleged injuries, or for the duration of a month about the time the accident occurred. That the record contained some evidence which might have justified a finding that five workmen were so employed at the time of the accident—if the trial court had been convinced of its accuracy—does not help the claimant in this appeal. The statute requires this court to defer to the trial court in respect to all questions of· fact upon which there was any substantial testimony. (*Shay v. Hill*, 133 Kan. 157, 299 Pac. 263; *Leamos v. Wilson & Co.*, 136 Kan. 613, 617, 16 P. 2d 490; *Briney v. Hopper Const. Co.*, 146 Kan. 927, 73 P. 2d 1110.) On this point the trial court's finding of fact, quoted above at length, forecloses that phase of the controversy.

The other arguments urged against the district court's judgment have been carefully considered, but they are insufficient to justify our interference. That judgment is therefore affirmed.