15266

COKELEY *ET AL.* v. ROBERT LEE, INC.

(14 S. E. (2d), 889)

158

*Messrs. Cooper & Maher,* for appellants,

*Mr. Norbert A. Theodore* and *Mr. Heyward Brockinton,* for respondents,

May 29, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND.

This is an appeal from an order of the Circuit Court affirming an award of the South Carolina Industrial Commission under the Workmen's Compensation Act. Act July 17, 1935, 39 St. at Large, p. 1231.

Louis Cokeley, colored, age 23, son of Nathaniel and Susan Cokeley, the respondents, was employed as a laborer by Robert Lee, Inc., and on February 14, 1940, while crossing the Santee River en route to his place of employment, was accidentally drowned. The respondents made application to the Industrial Commission for compensation, under the Workmen's Compensation Act, against the appellants. Liability being denied, a hearing was held by Commissioner John H. Dukes on April 30, 1940, at which hearing only one witness, Nathaniel Cokeley, father of the deceased employee, testified.

Commissioner Dukes filed his opinion on June 7, 1940, and found that the respondents were dependent upon Louis Cokeley for a living, that Cokeley received an average weekly wage of $12.00 or a compensable wage of $7.20, that Coke-

ley was performing duties and labor within the scope of his employment at the time of the fatal accident, and he awarded compensation to the respondents on the basis of whole dependency, to wit, $7.20 per week for 350 weeks, commencing February 14, 1940.

The appellants appealed from the findings and award of the hearing commissioner to the full commission. As a result of this review, the full commission, speaking through Commissioner Hyatt, on August 10, 1940, found that the deceased employee, Louis Cokeley, gave all of his earnings to his parents, and held that the respondents, being his next of kin, were entitled to compensation under Section 40 of the Workmen's Compensation Act, as well as under Section 38 of said Act, as amended by Act May 21, 1937, § 5, 40 St. at Large, p. 616, and sustained the findings and award of the hearing commissioner.

The appellants appealed from the decision of the full commission to the Circuit Court. His Honor, Judge Philip H. Stoll, heard the matter, and on September 24, 1940, affirmed the award of the full commission.

The appellants appealed from the order of Judge Stoll to this Court, assigning six exceptions which present the question whether, under the applicable legal principles, the evidence sustains the award. The full commission upheld the award on both the theory of dependency, whether partial or total, and on the theory that respondents were the next of kin of the deceased. The Circuit Judge sustained both views, and we are of the opinion that he was correct.

We shall first consider the question whether the award finds support in the evidence, viewing the respondents as claimants on the basis of dependency. In their brief, the appellants admit that the death of Louis Cokeley resulted from injury by accident arising out of and in the course of his employment, that he received an average weekly wage (for compensation purposes) of $12.00, and that respondents were "dependents" but contend that the respondents, under

the evidence, were only "partially dependent" rather than "wholly dependent" upon their deceased son.

Section 38 of the Workmen's Compensation Act, in part, provides: "If death results proximately from the accident and within two years thereafter, or while total disability still continues, and within six years after the accident, the employer shall pay for or cause to be paid, subject, however, to provisions of the other sections of this Act in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of accident, a weekly payment equal to sixty (60%) per cent of his weekly wages, but not more than twenty-five ($25.00) dollars, nor less than five ($5.00) dollars, a week for a period of three hundred and fifty weeks from the date of the injury, and burial expenses not exceeding two hundred ($200.00) dollars. If the employee leaves dependents only partly dependent upon his earnings for support at time of the injury, the weekly compensation to be paid, as aforesaid, shall equal the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependent bears to the annual earnings of the deceased at the time of his injury.  *  *  * "

If the respondents were wholly dependent upon their deceased son, the correct weekly payment, under the above section of the statute, would be 60% of $12.00, or $7.20 per week, for the statutory period of 350 weeks. If they were only partly dependent upon him, the dependency must be measured by the support he contributed from his earnings. *Moll v. City Bakery,* 199 Mich., 670, 165 N. W., 649. In arriving at the rate of weekly compensation to be awarded the parents, the determinative factor is the contribution of the deceased son to them. In order to ascertain the correct weekly compensation for partial dependents, under the said statute, it is necessary to determine: (1) The amount of the weekly payment for persons wholly depend-

ent upon the deceased employee; (2) the amount contributed annually to the support of such partial dependents by the deceased employee; (3) the annual earnings of the deceased at the time of his injury.

The appellants contend that the deceased employee contributed only $3.00 per week, or the sum of $156.00 annually, to the support of his dependent parents. The total annual earnings of the deceased, based on his average weekly wage of $12.00, amount to $624.00. On this basis, the proposition, stated mathematically, under the statute, would be as follows: $X$, the amount of the weekly compensation to be determined, is to $7.20, the amount of the weekly payment for persons wholly dependent upon the deceased employee. as $156.00, the amount it is alleged the deceased employee contributed annually to the support of his dependent parents, is to $624.00, the annual earnings of the deceased at the time of his injury, or $X : \$7.20 :: \$156.00 : \$624.00$. The product of the extremes being equal to the product of the means, we have the formula: $\$624.00X = \$1,123.20$; $X = \$1.80$.

A simpler method of computing the weekly compensation to which a partial dependent is entitled, is to divide the "annual contribution of the deceased" by the "annual earnings of the deceased", and multiply the result by the "weekly payment for a person wholly dependent." If the figures in the above computation are used, the formula, under this method, is: $\$156.00 : \$624.00 \times \$7.20 = \$1.80$.

The appellants claim that the amount of $1.80 represents the weekly compensation which the commission should have awarded the parents as a result of the death of their son. The commission found, though, that the deceased employee gave all of his earnings ($12.00 per week) to the support of his dependent parents, and it also found that the parents were wholly dependent upon their deceased son; and it granted them weekly compensation of $7.20. If either of the above findings of the commission is supported by any evidence, the award is proper and should not be disturbed.

Where there is any testimony supporting the Industrial Commission's award, the Court of Common Pleas and the Supreme Court are without power to review the findings of fact. It is the well-settled law of this State that if there is any competent evidence to support the findings of fact of the Industrial Commission, such findings are conclusive on appeal. *Murdaugh v. Robert Lee Construction Company,* 185 S. C., 497, 194 S. E., 447; *Phillips v. Dixie Stores,* 186 S. C., 374, 195 S. E., 646; *Spearman v. Royster Guano Company,* 188 S. C., 393, 199 S. E., 530; *Rudd v. Fairforest Finishing Company,* 189 S. C., 188, 200 S. E., 727; *Rice v. Brandon Corporation,* 190 S. C., 229, 2 S. E. (2d), 740; *Layton v. Hammond-Brown-Jennings Company,* 190 S. C., 425, 3 S. E. (2d), 492; *Bannister v. Shepherd,* 191 S. C., 165, 4 S. E. (2d), 7; *Ham v. Mullins Lumber Company,* 193 S. C., 66, 7 S. E. (2d), 712; *Briney v. Hopper Construction Company,* 146 Kan., 927, 73 P. (2d), 1110; *Baker v. Graniteville Company,* S. C., 14 S. E. (2d), 367, decided April 10, 1941.

Some of the evidence pertinent to the issues in this appeal will now be considered. The sole witness, Nathaniel Cokeley, on direct examination, testified:

"Q. How much support did he give you? A. Well now, to tell you the truth, he worked and what he made he would bring to me."

The said witness, Cokeley, on cross examination, testified as follows:

"Q. What is the most he ever brought you a week? A. Well, to tell the truth, he would bring me about $12.00.

"Q. How many times did he bring you $12.00? A. I don't know.

"Q. You say he brought you two or three dollars a week? A. Yes.

"Q. And then you say one time he brought you $12.00? A. Yes.

\*   \*   \*

"Q. And all he made he brought to you? A. Yes.
* * *

"Q. Do your other children send you money from time to time? A. No.

"Q. They don't send you any money? A. No.

"Q. The ones in Philadelphia, Washington and Richmond send you anything? A. No, nothing at all.

"Q. You do make a little money yourself, don't you? A. Mighty little.

"Q. How much do you make? How much do you make a month? A. I don't make much.
* * *

"Mr. Dukes: Do you own your place up there? A. No.
* * *

"Q. Do you grow anything on the place? A. No.

"Q. Do you live off of the place? A. Well, I do the best · I can. With the help of the boys, I make a little corn, five or six acres, and potatoes.

"Q. Do you raise any hogs? A. If you call it that, now and then I get one or two.

"Mr. Brockinton: Do you rent or sharecrop? A. No, I rent."

" 'Total dependency' has reference to a dependent who receives all of his support from the employee, and 'partial dependency' to one who receives less than his entire support from that source, * * *." 71 C. J., 531. But to constitute total dependency, within the meaning of the Act, it is not necessary that the dependent be supported wholly out of the wages of the employee's employment. It is apparent from the above testimony, that the other children of the respondents contributed nothing to their support, that the little income the respondents had was very meager and of minor consideration, and that their son, the deceased employee, was their main source of support. A claimant is not to be deprived of the benefits of a wholly dependent person, when otherwise entitled thereto, on account

of temporary gratuitous services rendered by others, occasional financial assistance received from other sources, existence of other possible sources of support, minor considerations or benefits which do not substantially modify or change the status of the claimant, some slight savings of his own, some other slight property, mere physical ability to work in the past, present or future, or the mere ability to earn something in any manner by his own services. *Ocean Accident & Guarantee Corporation v. Jones*, 56 Ga. App., 820, 194 S. E., 75; *Thomas v. Raleigh Gas Company*, 218 N. C., 429, 11 S. E. (2d), 297; *Blue Diamond Coal Company v. Frazier*, 229 Ky., 450, 17 S. W. (2d), 406; *Lemmler v. Fabacher*, 19 La. App., 144, 139 So., 683; *Hardy v. Rapides Parish School Board*, La. App., 197 So., 162; *Breslin v. Susquehanna Collieries Company*, 107 Pa. Super., 449, 163 A., 913; *Norris v. Philadelphia Life Insurance Company*, 137 Pa. Super., 293, 9 A. (2d), 159; *Kennerson v. Thames Towboat Co.*, 89 Conn., 367, 94 A., 372, L. R. A., 1916-A, 436; *Prest-O-Lite Co. v. Stone*, 100 Ind. App., 480, 196 N. E., 352; *Murphy v. Genesee County Road Commission*, 250 Mich., 457, 230 N. W., 937; *McLaughlin v. Antrim County Road Commission*, 266 Mich., 73, 253 N. W., 221; *State ex rel., Splady v. District Court*, 128 Minn., 338, 151 N. W., 123; *Pacific Indemnity Company v. Industrial Acc. Commission*, 204 Cal., 427, 268 P., 633; *Schneider's Workmen's Compensation Law* (2d Ed.), Vol. II, pp. 1246, 1247, Sec. 372.

There are some cases in which the award for a partly dependent person would be just as great as for a wholly dependent person. It is immaterial in the instant case whether the respondents were wholly dependent upon their deceased son, or partly dependent upon him, in view of the son's average weekly wage (for compensation purposes) having been fixed at $12.00 by the commission, pursuant to Section 2(e) of the Act, and there being evidence to sustain the commission's finding that the son contributed all of his earnings to

the support of his parents. This would justify' the award of $7.20 made to the respondents. The formula, in such instance, would be: $624.00 : $624.00 $\times$ $7.20=$7.20.

It is not within the province of this Court to determine whether there is a sufficiency of evidence to support the award of the Industrial Commission, but merely to determine whether there is any competent evidence to support it. The function of the Industrial Commission in determining the sufficiency of evidence in support of a claim for compensation is similar to that of a jury in actions at law, and the findings of the commission on matters of fact are final. *Phillips v. Dixie Stores, supra*; *Rudd v. Fairforest Finishing Company, supra*.

Where there is a conflict in the evidence, either of different witnesses or of the same witness, the findings of fact of the Industrial Commission, as triers of fact, are conclusive. *Bannister v. Shepherd, supra*; *Tunnicliff v. Bettendorf*, 204 Iowa, 168, 214 N. W., 516; *Rand v. Lafferty Transp. Co.*, 60 Idaho, 507, 92 P. (2d), 786.

The rule applicable in actions at law, and followed by analogy, here, is thus stated in *Lower Main Street Bank v. Caledonian Ins. Co.*, 135 S. C., 155, 159, 133 S. E., 553, 555, as follows: "The well-established rule in this state is that if there is any testimony whatever to go to the jury on an issue involved in a cause, or even if more than one inference can be drawn from the testimony, then it is the duty of the judge to submit the' cause to the jury. This is true, even if witnesses for the plaintiff contradict each other, or if a witness himself in his testimony makes conflicting statements. The credibility of witnesses is entirely for the jury."

Although the testimony in this case is conflicting, a perusal of the same is convincing that there is evidence to support the findings of the commission, and such findings are, therefore, conclusive on appeal.

As we have seen, the result in the instant case is the same, whether the respondents be regarded as partially or wholly

dependent. This is also true if the claim of respondents be regarded as founded upon their rights as next of kin under Section 40 of the Act. That section, in part, provides: "If a deceased employee leaves no dependents, the employer shall pay to the next of kin as herein defined the commuted amount provided for in Section 38 of this Act for whole dependents, less burial expenses which shall be deducted therefrom * * *."

The appellants maintain that, since the evidence established that the respondents were dependents', under the above section of the Act they are not entitled to the benefits of next of kin. On this point, the full commission said: "The commission, however, does not think that that part of Section 38 applied entirely, but that Section 40 applies also, and that the father and mother of the deceased are next of kin under Section 40, and that under either section the father and mother of Louis Cokeley would be and are entitled to compensation."

The appellants assert that a distinction exists between dependents, on the one hand, and those next of kin of the deceased employee who are not dependents, on the other. They also contend that the respondents elected to, and did, make out a case of dependency at the hearing before Commissioner Dukes. Suffice it to say, the record reveals no election by the respondents, and no motion by the appellants to require them to elect, whether they would proceed as dependents or as next of kin, and such contention by the appellants is without foundation.

Compensation laws constitute a form of social legislation and were enacted primarily for the benefit, protection and welfare of working men and their dependents, to relieve them of the uncertainties of a trial in a suit for damages, to cast upon the industry in which they are employed a share of the burden resulting from industrial accidents, and to prevent the burden of injured employees and their dependents becoming charges on society.

Their right to sue and obtain compensation is taken away, and such laws should be construed liberally in favor of the employees and their dependents, in furtherance of the beneficent purposes for which they were enacted, and to avoid any incongruous or harsh results. *Phillips v. Dixie Stores, supra*; *Rudd v. Fairforest Finishing Company, supra*; *Layton v. Hammond-Brown-Jennings Company, supra*; *Bannister v. Shepherd, supra*; *Ham v. Mullins Lumber Company, supra*; *Marchbanks v. Duke Power Company*, 190 S. C., 336, 2 S. E. (2d), 825; *Patterson v. Courtenay Mfg. Company*, S. C., 14 S. E. (2d), 16, decided April 2, 1941.

In construing a statute, it is well settled that effect should be given to the manifest intention of the Legislature (*Gregg Dyeing Company v. Query*, 166 S. C., 117, 164 S. E., 588), and we do not feel that it was the intention of the Legislature to make the distinction as alleged by the appellants. Under Section 40 of the Act, it is clear that if a deceased employee leaves dependents, such dependents would take in preference to the next of kin, but this section does not relate solely to non-dependent next of kin, and if the dependents are the next of kin then they would be eligible to the highest award available to either class. Any other construction of the Act would be unfair and unreasonable, and would not effectuate the purposes of the Workmen's Compensation Law.

In view of this construction of Section 40 of the Act, it would be unnecessary for a claimant to elect whether to proceed on the basis of dependency or that of next of kin, as dependent next of kin could take the highest award available to the dependents or to the next of kin. We feel that the above construction satisfies the legislative intent. It is the established law of this State that any reasonable doubt as to the construction of a Workmen's Compensation Law must be resolved in favor of the claimants, its provisions reconciled if possible, its purposes effectuated and its presumptions and penalties directed toward the end of

providing coverage rather than noncoverage. *Ham v. Mullins Lumber Company, supra.*

"While it is an elementary rule of construction that words used in a statute should be given their plain and ordinary meaning this, as all other rules, is subject to the prime object of ascertaining and giving effect to the legislative intention. In doing this, we are not to be governed by the apparent meaning of words found in one clause, sentence, or part of the act, but by a consideration of the whole act, read in the light of the conditions and circumstances as we may judicially know they appeared to the Legislature, and the purpose sought to be accomplished." *State ex rel., Walker v. Sawyer,* 104 S. C., 342, 346, 88 S. E., 894, 895. See, also, *Fulghum v. Bleakley,* 177 S. C., 286, 181 S. E., 30.

"However plain the ordinary meaning of the words used in a statute may be, the courts will reject that meaning, when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature, or would defeat the plain legislative intention; and if possible will construe the statute so as to escape the absurdity and carry the intention into effect." *Stackhouse v. County Board of Commissioners,* 86 S. C., 419, 422, 68 S. E., 561, 562. See, also, *Fulghum v. Bleakley, supra.*

The order of the Circuit Court sustaining the award to the respondents under Section 40, as well as Section 38, of the Act, was proper and should not be disturbed.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.